**Ronald KOEHLER, Plaintiff/Appellant,**

v.

**WARREN SKINNER, INC., et al.,
Defendants/Respondents.**

No. 57264.

Missouri Court of Appeals,
Eastern District,
Southern Division.

Nov. 6, 1990.

Stephen V. Combs, Albert C. Lowes, Cape Girardeau, for plaintiff/appellant.

Stephen C. Wilson, Jackson, for defendants/respondents.

REINHARD, Judge.

Plaintiff appeals after the trial court, in a bench tried case, found against him on his civil conspiracy count and denied him punitive damages for the non-payment of wages required by the Prevailing Wage Law, § 290.230, RSMo 1986. We affirm in part and reverse and remand in part.

This case arose out of plaintiff's employment by Warren Skinner, Inc. as a general laborer from 1984 to 1986. His petition contained three counts. Count one alleged that the corporation had not paid the required wage and asked for an amount equal to "double whatever difference there may be between the amount so paid and the rates provided by the contract together with reasonable attorney's fees to be determined by the court." § 290.300, RSMo 1986. In addition, in this count he asked for punitive damages.[1] Count two repeated the same allegations and asked for both actual and punitive damages against Warren Skinner as an individual. Count three alleged the existence of a civil conspiracy with conspirators being the corporation, Warren Skinner, Ella Skinner, and Mark Skinner. Again both actual and punitive damages were sought.

The evidence revealed that plaintiff worked for defendant Warren Skinner, Inc. as a general laborer and worked on five public works projects that required the payment of wages set by the Prevailing Wage Law, § 290.230, RSMo (1986). Defendants' counsel admitted on behalf of Skinner, Inc. that the corporation employed plaintiff at $5.00 an hour, that plaintiff should have been paid the higher prevailing wage and that the corporation owed the plaintiff for its failure to pay the prevailing wage.

In his deposition Warren Skinner stated that he was in charge of setting plaintiff's wage, and that plaintiff was paid $5.00 per hour for the work plaintiff performed. He further said he was "pretty well familiar with the prevailing wage law" and he did "nothing in particular" to see that the corporation complied with it. On one project he charged the city $25.00 per hour and paid the plaintiff $5.00 per hour. As to another project he was asked why he didn't pay the prevailing wage and he responded that he did not know.

Plaintiff said Warren told him no one was worth the union scale, and that no one was worth $10.00 per hour. Plaintiff testified that prevailing wage signs were posted on most of the projects. Plaintiff also testified that the only time that they were paid the prevailing wage was after some of the employees had complained. One of the prime contractor's officers testified that it had a sign posted as to the prevailing wage law. On another contract a contractor stated he had passed on information that it was a public works job and required compliance with the law. When asked if he was sure Warren Skinner was aware of that fact he said, "Oh yes, he knew."

Plaintiff's father testified that Ella Skinner called his wife, who was her sister, and he answered the phone. While he doesn't remember the date, he says it was after the case came up. He claims she said that "Warren bids the job in on prevailing wages but then he pays the regular wages because he needs the extra money to cover his expenses." The father claimed that she said "it's true, we do keep two sets of books."

Under Count I the court awarded plaintiff judgment against the corporation in the amount of $18,933.56, which was double the difference between the amount paid plaintiff and the rates provided under the Prevailing Wage Law. The court also awarded plaintiff attorney's fees in the amount of $9,397.06. The court denied punitive damages and ruled against plaintiff on counts II and III.

---

1. We need not decide whether the remedy of § 290.300 precludes recovery for common law punitive damages. Neither party has briefed this issue to us.

On appeal plaintiff contends that the court erred in failing to find that plaintiff produced sufficient evidence on plaintiff's conspiracy count. Plaintiff alleges that the corporation, Warren Skinner, Ella Skinner and Mark Skinner, did wrongfully and fraudulently agree and conspire together to injure plaintiff. In an action for civil conspiracy plaintiff has the burden of proving by *clear and convincing evidence* the following elements: (1) two or more persons, and for this purpose a corporation is a person; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) one or more unlawful overt acts, and damages as a proximate result thereof. *Lick Creek Service Sys. v. Bank of Bourbon*, 747 S.W.2d 317, 323 (Mo.App.1988). We also recognize that a conspiracy can be proven by circumstantial evidence. The trial court found that "plaintiff failed to present enough evidence that defendants willfully and fraudulently conspired together even crediting plaintiff's proof." We read this finding to be a determination by the trial court that plaintiff failed to prove his case by clear and convincing evidence. We are unable to say the court was wrong in its decision. *See Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976) and *Willett v. Reorganized Sch. Dist. No. 2*, 602 S.W.2d 44 (Mo.App.1980).

Plaintiff also contends that the court erred in finding that he did not make a submissible case as to punitive damages due to "the failure to show malice on the part of the defendants." In determining the submissibility of a case we must consider the evidence in the light most favorable to plaintiff and must accord him the benefit of all supporting inferences fairly and reasonably deducible from the evidence. *Bridgeforth v. Proffitt*, 490 S.W.2d 416, 422 (Mo.App.1973).

Our supreme court reviewed the issue of punitive damages as applied to intentional torts in the recent case of *Burnett v. Griffith*, 769 S.W.2d 780 (Mo.1989). The court in formulating a new MAI 10.01 instruction looked to the Restatement (Second) of Torts. Essentially, punitive damages may be awarded for conduct that is outrageous because of defendants' evil motive or reckless indifference to the rights of others. Restatement (Second) of Torts, Section 908(2) (1979). *See* MAI 10.01 and *Perkins v. Sur Gro Finance, Inc.*, 778 S.W.2d 751 (Mo.App.1989).[2] Punitive damages are never allowable as a matter of right and whether or not the same are awarded lies wholly within the discretion of the trial court. *Debow v. Higgins*, 425 S.W.2d 135 (Mo.1968).

Plaintiff's evidence reveals that on five separate projects defendant failed to pay him in accordance with the Prevailing Wage Law § 290.230, RSMo 1986. The employee in charge of setting wages was aware of the law and he did nothing to ensure that the company complied with it. Plaintiff's testimony revealed the projects had signs on them telling of the wage law. Further, his evidence revealed that the company kept two sets of books and bid projects based on the Prevailing Wage Law. From the above evidence a fact finder could find that the corporation's conduct was outrageous.

Thus, the trial court erred in finding that the plaintiff failed to make a submissible case on the issue of legal malice. This error does not require a new trial. Circumstances here did not involve a case where the trial court has ruled on the submissibility of the case at the end of the plaintiff's case. Here plaintiff presented his evidence. Defendant was given the opportunity to present evidence and offered none. The evidence was closed.

This case thus is remanded to the trial court to determine whether or not plaintiff is entitled to punitive damages and, if so, how much.

Affirmed in part and reversed and remanded in part.

CRANDALL, C.J., and KAROHL, J., concur.

---

**2.** Section 290.340 provides ... any ... contractor or subcontractor who violates the provisions of 290.210–290.340 shall be punished by fine or imprisonment.