John MACIOS, Sr. and Opal L. Macios, Plaintiffs/Respondents,

v.

Gregory HENSLEY and Janet Hensley, Defendants/Appellants.

No. 64965.

Missouri Court of Appeals, Eastern District, Division Two.

Nov. 15, 1994.

William B. Beedie, Farmington, for appellants.

Terry R. Rottler, Ste. Genevieve, for respondents.

SMITH, Presiding Judge.

Both parties appeal from a judgment arising over a dispute between landowners of recreational homesites at Goose Creek Lake development. We affirm in part and reverse and remand in part.

Plaintiffs acquired their land in 1971. Defendants purchased theirs in 1988. The plaintiffs developed their property over a long period of time. When they originally purchased the land the lake had not filled up and did not fully fill until 1986. From the time they acquired their land, plaintiffs utilized a strip of land to access the lake bed both as pedestrians and with vehicles. They removed rock from the lake bed for use on their property and they launched boats into the creek which later became the lake. When the lake was filling and became filled they continued to utilize the strip of land to access the lake for boat launching purposes and developed a boat ramp on the strip of land for that purpose. The strip of land involved is owned by the defendants and defendants' ownership extends outward to land now covered by the lake. In 1991 plaintiffs moved their floating boat dock from a position on the eastern portion of plaintiffs' land to a location on the strip of land owned by the defendants and extending into the lake over land owned by the defendants and covered by water. In 1992 plaintiffs anchored their pontoon boat on the west side of the boat dock over defendants' land making it extremely difficult for defendants to access the lake from their boat ramp or dock. Defendants erected trellises on the strip of land in front of plaintiffs' boat ramp and after suit was filed erected a chain link fence across the strip of land. They also physically moved plaintiffs' boat dock to a position off of defendants' land.

Plaintiffs sued on the basis that they had a prescriptive easement over the strip of land and that the erection of the fence interfered with their use of that easement. They also sought money damages for the interference with their easement and for damages for trespass from the movement of the floating dock. Defendants counterclaimed seeking (1) damages for trespass because of the location of the floating dock during 1992, (2) an injunction to preclude plaintiffs from utilizing defendants' land to launch or dock their boats, and (3) a quieting of title to the strip of land.

After trial the court decreed that plaintiffs had a prescriptive easement for ingress and egress to the lake over the strip of land, enjoined defendants from interfering with plaintiffs use of the easement and ordering the fence removed, established the boundaries of the easement, determined that defendants had interfered with plaintiffs use of the easement, awarded damages of $3000 for that interference, awarded $1 damages for trespass arising from the moving of the boat dock, entered judgment against defendants on their counterclaim, and assessed costs against defendants. On motion for reconsideration the trial court deleted the award of damages for interference with the easement on the basis that the interference was temporary and no evidence of reduction in rental value had been adduced. Plaintiffs appealed from the elimination of the damage award. Defendants appealed from the rest of the judgment.[1]

1. In their brief, plaintiffs do not address the issues raised by defendants involving defendants' counterclaim.

■ Our review is that set forth in *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976) [1–3]. While defendants raise several contentions challenging the granting of the prescriptive easement we find none are supported by the evidence. The evidence establishes all the elements of a prescriptive easement for ingress and egress to the lake including the launching of boats from that easement. No benefit would be served by further discussion of that issue. We also find the record supports the delineation of the boundaries of the easement established by the court and we need not further discuss that matter. The evidence also establishes that the plaintiffs utilized the easement for the launching of boats and changing the launch ramp from gravel to concrete within the ten year period was not a change of the quality of the use but only a change of the degree of use and was therefore permissible. *Orvis v. Garms*, 638 S.W.2d 773 (Mo.App. 1982) [3].

■ We next review the court's judgment denying defendants' relief on their counterclaim. The character and extent of a prescriptive easement is determined by the character and extent of the user during the prescriptive period. *Lacy v. Schmitz*, 639 S.W.2d 96 (Mo.App.1982) [8]. An easement is a qualified right for a particular purpose and no greater use can be made of the easement than the use under which the user gained it. *Id.* In a prescriptive easement that use is gained by use for that purpose for the 10 year period prescribed. Whether an additional use can be made of an easement is determined by whether the additional use represents only a change in the degree of use or whether it represents a change in the quality of the use. *Orvis v. Garms, supra* at [3]. If the change is in the quality of use it is not permissible. Courts have also stated the test is whether the proposed use will cast a substantial new burden on the servient estate. *Id.*

■ The plaintiffs acquired the easement by using it for ingress and egress to the lake bed and lake. They did not acquire it for docking purposes. Docking of a boat or boats over defendants' land is not of the same quality as entering or leaving the wa-

ter. The one involves going across the land in a transitory manner; the other involves placing an obstruction on the land. The evidence demonstrates clearly that the dock was not located on defendants' land for the prescriptive period and that the land was not used for docking during that period. The lake did not fill until 1986. The evidence established that the plaintiffs' dock and boat affixed thereto created and imposed a substantial burden on the servient estate making it very difficult for the defendants to use their land and dock to access the lake.

■ Defendants sought ejectment and injunctive relief to remove the obstruction and preclude its reinstatement. They were entitled to both. Defendants have title to the property and that establishes a *prima facie* case of right to possession, the necessary element of an ejectment claim. *Harris v. L.P. and H. Construction Company*, 441 S.W.2d 377 (Mo.App.1969) [12–14]; *Hill v. Farm Credit Bank of St. Louis*, 726 F.Supp. 1201 (E.D.Mo.1989) [13]; Section 524.010 RSMo 1986.

■ It is also required that the party seeking ejectment establish the party sought to be ejected was in possession of the premises at the time of the commencement of the ejectment action. *Allen v. Welch*, 770 S.W.2d 521 (Mo.App.1989) [1]. In *Gilbert v. K.T.I., Inc.*, 765 S.W.2d 289 (Mo.App.1988) [7–9] the court recognized that an easement holder does not have possession when he is acting within the scope of the easement. Plaintiffs here, however, were operating outside the scope of the easement and were, by their actions in positioning the dock on defendants' land and docking boats next to it, possessing land that defendants are entitled to possess. Under an ejectment theory defendants are entitled to possession and damages. *Corbin v. Galloway*, 382 S.W.2d 827 (Mo.App.1964) [1].

■ If the user of an easement exceeds his rights, either in manner or extent of use, he is guilty of trespass. 28 C.J.S. *Easements* § 103b (1941). Generally, the owner of a servient tenement may enjoin use outside the scope of an easement if it is a kind of misuse that is capable of repetition. 28 C.J.S. *Ease-*

*ments* § 107(f)(2) (1941). *See also, Kelly v. Schmelz,* 439 S.W.2d 211 (Mo.App.1969) [2]. It would be burdensome and non-effective to require defendants sue every time plaintiffs docked their boat over the defendants' land so they are entitled to an injunction. The trial court erred in denying defendants relief under their counterclaim.

 The court also erred in awarding damages against defendants for trespass. Plaintiffs, in exceeding the use permitted by the easement, were guilty of trespassing in placing the dock on the defendants' property. One is privileged to peaceably enter land in the possession of another for the purpose of relieving his own property of a chattel which has come upon his land without his consent. RESTATEMENT (SECOND) OF TORTS § 199 (1965); 75 AM.JUR.2D *Trespass* § 106 (1991).

 Plaintiffs appeal the action of the trial court in setting aside its initial award to plaintiffs of $3000 for damages arising from defendants interference with plaintiffs' easement for ingress and egress to the lake. The proper measure of damages for a temporary obstruction, such as that involved here, is the reduction in the fair rental value of the property during the maintenance of the obstruction or any special damages which may be established. *Mondelli v. Saline Sewer Co.,* 628 S.W.2d 697 (Mo.App.1982) [4]. Plaintiffs only offered evidence of the reduction in the fair market value of their property, the measure of damages where the obstruction is permanent. The trial court correctly set aside the award.

The judgment of the trial court that the plaintiffs acquired a prescriptive easement for ingress and egress from their property to the lake is affirmed. The judgment awarding plaintiffs damages of one dollar for the defendants' trespass is reversed. The judgment denying defendants relief on their counterclaim is reversed and the cause remanded for entry of a judgment of ejectment, entry of an injunction and a determination of defendants' damages. The judgment denying plaintiffs' damages for obstruction of the easement by the defendants is affirmed. The trial court shall examine the assessment of costs pursuant to § 514.060 RSMo 1986.

*See, Allison v. Dilsaver,* 387 S.W.2d 206 (Mo. App.1965) [16, 17].

PUDLOWSKI and WHITE, JJ., concur.