**ROBERTS PALLET CO., INC., and Jack and Shirley Roberts, Plaintiffs–Respondents,**

v.

**Patricia MOLVAR, Defendant,**

and

**BBF, Inc., Junior Flowers, and David Brawley, Defendants–Appellants.**

**No. 21424.**

Missouri Court of Appeals,
Southern District,
Division One.

Nov. 12, 1997.

Matthew E. Hill, Oliver, Oliver & Waltz, P.C., Cape Girardeau, for Defendants–Appellants.

Clinton B. Roberts, Tom R. Burcham, III, Roberts, Roberts, & Burcham, L.L.C., Farmington, for Plaintiffs–Respondents.

Before GARRISON, P.J., and PREWITT and CROW, JJ.

PER CURIAM.

After a non-jury trial, the trial court granted Plaintiffs permanent injunctive relief, enjoining Defendants–Appellants (hereinafter "Defendants") from blocking or interfering with Plaintiffs' ingress and egress to Plaintiffs' land. Additionally, Plaintiffs were awarded $500 in actual damages and $1,000 in punitive damages on Count I of their second amended petition, and $1 in nominal damages, and $1,000 in punitive damages on Count II. Defendant Patricia Molvar was dismissed with prejudice as a result of a stipulation entered into by the parties. Defendants appeal, presenting four "points relied on."

On July 22, 1992, Plaintiffs petitioned the court for a restraining order and a permanent injunction to prevent Defendants from obstructing certain roadways. A temporary restraining order was issued by the court on that date. On February 8, 1995, Plaintiffs filed their amended petition, whereby they added Jack Roberts' sons and daughters-in-law as plaintiffs, and requested punitive damages.

On August 2, 1996, Plaintiffs filed a second amended petition, dismissing one defendant. Count I of Plaintiffs' second amended petition alleged that Defendants installed a gate at the back of Defendant Molvar's property, unlawfully blocking Plaintiffs' passage along a certain road which "runs from Highway V in a generally northeasterly direction onto" the Molvar land, contending that they generally maintained the roadway and claimed a prescriptive easement because they and their predecessors had used the roadway for over 25 years. Count II alleged that Defendants unlawfully blocked Plaintiffs' passage along a roadway through Defendant BBF's property, in which Plaintiffs claimed a prescriptive easement by way of Plaintiffs' and their predecessors' use of said roadway for 18 years. Plaintiffs alleged damages resulting from losses suffered and additional expenses incurred in the operation of its business, as a result of Defendants' action.

Defendants' answer and counterclaim was filed July 31, 1992. Defendants denied that Plaintiffs had a prescriptive easement on the roadways, and counterclaimed that they had a prescriptive easement on roadways which traversed their land and Plaintiffs' land over which Plaintiffs had denied Defendants access by erecting gates at two points along the roadway. Count I of the counterclaim was later dismissed, and Count II was ordered to be tried separately from Plaintiffs' second amended petition.[1]

Plaintiffs–Respondents own 500 acres of farmland located adjacent to the southern border of the BBF property. Ingress and egress from Plaintiffs' property is across a road that runs across the BBF property and onto Plaintiffs' land. Additionally, Plaintiffs own property which is located adjacent to the Molvar property and have used a roadway across the Molvar property to access a state highway.

Point I states:

The trial court erred in granting a prescriptive easement to the Respondents because there was no evidence to support the court's order and the court erroneously applied the law in that the Respondents failed to meet their burden of proof as to the elements required to be proven for a prescriptive easement, and in fact failed to present any evidence that their use of the property was adverse.

We construe this point as directed only to Count II (the BBF property). It is singular in referring to "a prescriptive easement," and only the BBF property is mentioned in the argument. In the reply brief, Appellants did refer to Count I (the Molvar property), however, issues as to Count I (except for damages referred to in Points II and III) are not before the court. Error first set forth in a reply brief is not preserved for our consideration. *See Hall v. Mo. Hwy. & Transp. Comm'n*, 861 S.W.2d 720, 722 n. 2 (Mo.App. 1993).

■ In review of a non-jury case, the judgment of the trial court is to be affirmed unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). When the parties have not requested findings of fact or conclusions of law and none are entered, "the trial court is presumed to have made findings in accordance with the decree entered and judgment will be affirmed under any reasonable theory supported by the evidence." *Green Acres Enterprises, Inc. v. Freeman*, 876 S.W.2d 636, 639 (Mo.App.1994). *See also* Rule 73.01.

■ As Defendants argument under Point I states that "the issue of adversity determines the outcome of this case," it is only necessary to review the evidence concerning whether Plaintiffs' use of the roadway was adverse. "A use is not deemed to be adverse where the user recognizes the authority of those against whom the use is claimed to prevent or prohibit the use." *Homan v. Hutchison*, 817 S.W.2d 944, 947 (Mo.App. 1991). Put another way, "[a]ll that is required for the use to be adverse is nonrecognition of the owner's authority to permit or prohibit the continued use of the land." *Whittom v. Alexander–Richardson Partnership*, 851 S.W.2d 504, 508 (Mo. banc 1993).

■ The roadway across the BBF property and onto 500 acres of farm and timber land owned by Plaintiffs was constructed in 1965 by the previous owner of Plaintiffs' property. At the time the road was constructed, the property now owned by BBF, Inc. was owned by Kerr–McGee Oil Company. Kerr–McGee gave permission for Joy Buxton to construct the roadway and to use the roadway as a private road for access to his property, but that permission was not expressly extended to Buxton's heirs, "whoever you sell to," nor to Plaintiffs specifically.

There was testimony that Plaintiffs were not given permission to use the roadway at the time Plaintiffs purchased their property. Nevertheless, they used it from 1979 to the time of trial. Other evidence of Plaintiffs' adverse use of the property was a "Private

---

1. The determination on Plaintiffs' claims was appealable, as the trial judge expressly invoked the provision of Rule 74.01(b), finding "no just reason for delay."

Road. No Trespassing" sign that was originally erected by Joy Buxton and maintained by Plaintiffs. This sign was placed on a tree at the road's intersection with the state highway. Such sign is evidence that Plaintiffs claimed control of the roadway, and did not recognize the authority of Defendants to prohibit their use of the roadway.

The judgment entered in this matter found "the issues in favor of plaintiffs ... and against defendants" regarding the BBF property. After this Court's review of the evidence, we cannot say that there was no evidence to support such order, nor that the court erroneously declared the law "as to the elements required to be proven for a prescriptive easement," as Defendants claim. Therefore, Point I is denied.

■ Point II alleges trial court error in awarding punitive damages on both counts of Plaintiffs' petition. A stipulation was entered at the trial concerning the property which was the subject of Count I, wherein Patricia Molvar, the owner of the property, stated that "Jack Roberts, his family and business shall have the right to ingress and egress across my ... property on any and all existing roadways." By proceeding only on this stipulation, Plaintiffs made no showing that at the time the road was blocked Plaintiffs had a right to ingress and egress. The right granted by the stipulation only arose as of its date. Therefore, there is no basis for punitive damages regarding Count I. The trial court's award of $1,000 in punitive damages on Count I is reversed.

■ Regarding the trial court's award of punitive damages on Count II, there was sufficient evidence to support such an award, as the evidence, viewed in the light most favorable to the trial court's order, did show that Defendants' motive was vengeance as a result of a series of disputes between the parties. Punitive damages are appropriate when defendants' conduct is "outrageous because of defendants' evil motive or reckless indifference to the rights of others." *Koehler v. Warren Skinner, Inc.*, 804 S.W.2d 780, 782 (Mo.App.1990). It is within the discretion of the trial court whether to award punitive damages. *Gould v. Starr*, 558 S.W.2d 755,

770–71 (Mo.App.1977), *cert. denied,* 436 U.S. 905, 98 S.Ct. 2236, 56 L.Ed.2d 403 (1978).

In the instant case, there was sufficient evidence that Defendants' conduct was outrageous and vindictive. Defendants stated several times during the trial that the reason for blocking Plaintiffs' passage through the BBF property was because Plaintiffs had blocked Defendants' passage on other property. Additionally, Plaintiffs offered to provide Defendants a key for the gate on Plaintiffs' property, but such key was refused. Defendants' outrageous conduct was also evidenced by their action after a temporary restraining order was issued requiring Defendants to allow Plaintiffs access through the BBF property. After being ordered to allow Plaintiffs roadway access, Defendants cut in half a tree that had been felled across the roadway, but did not remove the tree from the roadway until further intervention by Plaintiffs' attorney.

As the decision to award punitive damages rests within the discretion of the trial court, and there was evidence of Defendants' outrageous conduct, the trial court acted within its discretion in awarding punitive damages in regard to Count II of Plaintiffs' second amended petition.

■ Point III alleges trial error in awarding actual damages, "because there was no substantial evidence to support the court's order." Actual damages were only awarded on Count I. As discussed above, there was no evidence that a right to ingress and egress upon the Molvar property existed at the time the road was blocked. Because Plaintiffs did not establish such a right existed prior to the stipulation, there is no basis to award actual damages on Count I. The trial court's award of $500.00 in actual damages based on Count I is, therefore, reversed.

Point IV alleges trial error in that the trial court did not grant Defendants' motion for a refund of attorney's fees and juror costs assessed against Defendants as a result of a continuance granted on the morning of the October 4, 1995 trial setting. Defendants allege that the assessment of such costs against them was improper because: (1) the trial should not have been scheduled as a jury trial because equitable relief was sought;

and (2) Plaintiffs' attorney should have known that a continuance would be sought and granted as a result of a motion to withdraw filed by Defendants' attorney two days prior to trial.

We consider only these two contentions. Rule 65.01 allows the trial court, in granting a continuance, to do so "at the cost of" the parties requesting it.

■ Whether this matter should have been set for a jury trial does not establish that the trial court erred in assessing juror costs to Defendants. Defendants' previous attorney may have wanted a jury trial. On June 3, 1995, the trial court set the matter to jury trial commencing October 4, 1995. There is nothing in the record indicating that Defendants objected to such a setting. The record does not indicate that Defendants contested this assessment of costs at the time they were ordered and the continuance was granted. Defendants' pleading contesting this award was not filed until December 4, 1995, two months after the costs were assessed. Nor does the record support Defendants' contention that "respondents' attorney was well aware of the withdrawal of the appellants' prior attorney on or about the 29th day of September, 1995."

It cannot be assumed that Plaintiffs' attorney should have known that Defendants' attorneys were going to request a continuance on the morning of the trial, nor that the continuance would be granted. Plaintiffs' attorney reasonably could prepare for and be ready to try the case on the date trial was set. Point IV is, therefore, denied.

The judgment of the trial court is affirmed in respect to the injunction against Defendants, enjoining them from blocking or interfering in any manner with Plaintiffs' passage over the land in Reynolds County, Missouri, referred to in Counts I and II of Plaintiffs' petition filed herein. The judgment of the trial court is also affirmed in its award of nominal damages of $1.00 and punitive damages in the sum of $1,000 regarding Count II. The judgment is reversed, however, concerning actual and punitive damages awarded on Count I.