**BRANSON WEST, INC., a Missouri corporation, Appellant,**

v.

**CITY OF BRANSON, MISSOURI, and Beemer Construction Company, Inc., a Missouri corporation, Respondents.**

No. 22402.

Missouri Court of Appeals, Southern District, Division One.

Dec. 14, 1998.

Lynn E. Heitman, Springfield, for appellant.

Robert B. Best, Jr., Stuart K. Shaw, Armstrong, Teasdale, Schlafly & Davis, Kansas City, for respondent City of Branson.

William C. Love, Aaron P. Lyons, Harrison, Tucker & Hyde, Springfield, for respondent Beemer Construction Company, Inc.

CROW, Judge.

Plaintiff, Branson West, Inc., a Missouri corporation, sued the City of Branson ("City") and Beemer Construction Company, Inc. ("Beemer"). This opinion henceforth refers to City and Beemer collectively as "Defendants."

Plaintiff's petition pled, *inter alia*, that Plaintiff granted City a "sanitary sewer easement" across land owned by Plaintiff, that City employed Beemer "as contractor on the sewer project," that Defendants exceeded the scope of the easement in that Beemer "clear cut" the entire width and length of the easement and "bulldoze[d] said strip and did remove every single tree therefrom, without any attempt whatsoever to preserve such trees as it was not necessary to remove," and that such activity "greatly devalued not only the property over which [Defendants] have an easement, but the adjoining property as well, to Plaintiff's damage in the amount of four million dollars."

Beemer filed a motion for summary judgment. So did City. The trial court granted the motions and entered judgment in favor of Defendants.

Plaintiff appeals, maintaining there is an unresolved issue of material fact, i.e., whether Defendants exceeded their rights under the easement by cutting more trees than were "reasonably necessary to construct the sewer line."

Plaintiff granted the easement to City in a document denominated "Grant of Utility

Easement." This opinion henceforth refers to that document as "the Grant."

The Grant provides, *inter alia:*

"Branson West Inc., hereby grants to the City of Branson ... a right of way and easement to build, construct reconstruct, and operate and maintain utility lines together with any and all appurtenances thereto; said utility lines and appurtenances to be of such size and character as grantee may determine, on over, across, and under all that certain real property situated in the City of Branson ... particularly described as follows[.]"

Attached to the Grant is a document denominated "Description of Permanent and Temporary Sanitary Sewer Easement." This opinion henceforth refers to that document as "the Description."

The Description describes four easements. The first is denominated a "permanent easement." It is described thus:

"A 20.00 Feet wide permanent easement being 10.00 feet on each side of the following described centerline[.]"

The Description then sets forth, by courses and distances, a line appearing to be some 1113 feet in length.

The second easement described in the Description is denominated a "temporary construction easement." It is described thus:

"A temporary construction easement being 40.00 feet on the left side and 20.00 feet on the right side of the above described permanent easement."

The Description then describes a second "permanent easement" and a second "temporary construction easement." The second pair of easements, like the first pair, straddle a line described by courses and distances. That line appears to be some 214 feet in length. At their north terminus, the second pair appears to converge with the first pair.

In support of its motion for summary judgment, Beemer filed an affidavit of one of its officers, Charles A. Smith. The affidavit avers Beemer "did not unnecessarily remove any tree within the easements" and "did not remove trees nor enter upon property of

Plaintiff ... except property subject to said easements."

In response to Defendants' motions for summary judgment, Plaintiff filed an affidavit of Quentin Moore, an officer and shareholder of Plaintiff at the time Plaintiff executed the Grant. The affidavit avers it "was not necessary to clear-cut the 80 ft. wide strip, comprised of the sewer easement and temporary construction easement[.]" The affidavit also states the "plans" for the project "do not call for the removal of all trees along the sewer easement."

It is evident that the Smith and Moore affidavits frame a fact issue, i.e., whether Beemer destroyed more trees than necessary to construct the sewer. This opinion henceforth refers to that issue as "the tree destruction issue." The question this court must decide is whether the existence of the tree destruction issue bars Defendants from summary judgment in their favor on Plaintiff's petition.

Beemer maintains the tree destruction issue does not constitute a dispute of material fact in that the Grant "gave the City ... and Beemer ... unqualified consent and unlimited discretion as to how it constructed utility lines within the easement."

City takes a similar position, proclaiming: "As long as the City's contractor, Beemer, operated within the boundaries of the Easement and removed the trees therein for the purpose of building or constructing the sewer, [Plaintiff] can have no cause of action."

The criteria on appeal for testing the propriety of summary judgment are no different from those which should be employed by the trial court to determine the propriety of granting the motion initially. *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.,* 854 S.W.2d 371, 376[5] (Mo. banc 1993). The propriety of summary judgment is purely an issue of law. *Id.* at [6].

*ITT Commercial Finance* characterizes a party seeking summary judgment as a "movant," and a party resisting summary judgment as a "non-movant." *Id.* at 380–81. The opinion explains:

"The non-movant never needs to establish a right to judgment as a matter of law; the

non-movant need only show that there is a genuine dispute as to the facts underlying the *movant's* right to judgment. For purposes of Rule 74.04, a 'genuine issue' exists where the record contains competent materials that evidence two plausible, but contradictory, accounts of the essential facts. ... [T]he movant bears the burden of establishing a right to judgment as a matter of law on the record as submitted; any evidence in the record that presents a genuine dispute as to the material facts defeats the movant's prima facie showing."

*Id.* at 381–82.

It is apparent from the above excerpt that the outcome of this appeal hinges on whether, as a matter of law, the Grant gave City a right to destroy more trees than necessary to construct the sewer, so long as all trees destroyed were situated within the geographical boundaries of the easements.

The common law regarding the rights and duties of an easement holder are set forth in 28A C.J.S. *Easements* § 166 (1996):

"The owner of the dominant estate has the right to use and enjoy his easement to the fullest extent possible, not inconsistent with the rights of the owner of the servient estate. His use must be reasonable, and should be as limited a burden on the servient estate as the nature and purpose of the easement will allow."

C.J.S. warns: "If the dominant owner exceeds his rights either in the manner or in the extent of his use, he becomes a trespasser to the extent of the unauthorized use[.]" *Id.*

The above principles are expressed in slightly different language in 25 Am.Jur.2d *Easements and Licenses* § 81 (1996):

"Though to the extent of the easement the rights of the easement owner are paramount to those of the landowner, the rights of the easement owner and of the landowner are not absolute, irrelative, and uncontrolled; but are so limited, each by the other, that there may be a due and reasonable enjoyment of both the easement and the servient tenement. The owner of an easement is said to have all rights incident or necessary to its proper enjoyment, but nothing more.

And, if the easement owner exceeds his rights either in the manner or in the extent of its use, he becomes a trespasser to the extent of the unauthorized use."

Missouri cases echo the above principles. In *Missouri Public Service Co. v. Argenbright*, 457 S.W.2d 777, 783[7] (Mo.1970), the court said: "[A]n easement granted ... in general terms without any limitations as to its use, is one of unlimited *reasonable* use." (Emphasis added.) However, a dominant tenant may not make a more burdensome use than his right permits. *White v. Meadow Park Land Co.*, 240 Mo.App. 683, 213 S.W.2d 123, 126[5] (1948).[1]

■ Consistent with those principles, this court holds the Grant in the instant case gave City the right to destroy all trees whose destruction was reasonably necessary in constructing and maintaining the sewer; however, the Grant did not allow City to destroy any other trees merely because they were situated within the geographical boundaries of the easements.

That holding is supported by *Segraves v. Consolidated Electric Cooperative*, 891 S.W.2d 168 (Mo.App. E.D.1995), which involved destruction of trees by an electric utility cooperative. The co-op cut down two trees and removed a branch from a third while restoring a homeowner's electric service. *Id.* at 169–70. The homeowner sued the co-op for treble damages under § 537.340, RSMo 1986. *Id.* at 170. A lineman for the co-op admitted it may have been unnecessary to fell the trees to restore the electricity. *Id.* The trial court found the co-op had the right to enter the homeowner's premises to maintain electric service, but the court ruled the co-op did not need to destroy the trees. *Id.*

Affirming a judgment for the homeowner in *Segraves*, the appellate court held she could recover even though the co-op had a

---

1. *Argenbright* and *White* are in harmony with *F.D.I.C. v. Caia*, 830 F.Supp. 60, 63[4] (D.N.H. 1993), where a federal court, applying New Hampshire law, held there is no presumed grant of a right to exercise an easement in an unnecessary and unreasonable manner.

right to enter her land. *Id.* The appellate court ruled that if the co-op had an easement, it exceeded the scope of the easement by cutting down the trees. *Id.* at 171.

Defendants argue *Segraves* is inapposite because it involved § 537.340, whereas Plaintiff in the instant case seeks recovery for "common law trespass." According to Beemer, "[Plaintiff's] only stated cause of action is for common law trespass, in which consent by the land owner preempts an action for common law trespass."

■ Defendants' efforts to distinguish *Segraves* are futile. It is clear from the excerpts from C.J.S. and Am.Jur., set forth earlier, that if an easement holder, while lawfully on the servient land, exceeds his rights under the easement in either the manner or extent of his use, he becomes a trespasser to the extent of the unauthorized use.

That proposition is recognized in *McNamee v. Garner,* 624 S.W.2d 867 (Mo.App. E.D.1981), another case involving tree destruction. There, the court held: "Both entering land wrongfully and entering land with consent or license and exceeding the scope of that consent or license constitute a trespass." *Id.* at 868[2]. *Accord: Gittemeier v. Contractors Roofing & Supply Co.,* 932 S.W.2d 865, 870[7] (Mo.App. E.D.1996), which holds: "If the user of an easement exceeds his right, either in manner or extent of use, he is guilty of trespass and if proven, would allow for a legal remedy of damages."

An easement holder was held to be a trespasser in *Macios v. Hensley,* 886 S.W.2d 749 (Mo.App. E.D.1994). There, the court held the plaintiffs had an easement over the defendants' land for ingress and egress to a lake. *Id.* at 752[5]. However, the court further held the easement did not permit the plaintiffs to place a boat dock on the defendants' land. *Id.* The opinion asserted:

"If the user of an easement exceeds his rights, either in manner or extent of use, he is guilty of trespass....

... Plaintiffs, in exceeding the use permitted by the easement, were guilty of

trespassing in placing the dock on the defendants' property."

*Id.* at 752[9] and 753.

Although factually different from the instant case in several respects, *Pogue v. KAMO Electric Cooperative, Inc.,* 795 S.W.2d 566 (Mo.App. S.D.1990), is helpful by analogy. There, an electric cooperative with power to condemn an easement across the plaintiffs' land for a transmission line employed a contractor to construct the line. *Id.* at 567. The contractor engaged an engineering firm to conduct a "pre-condemnation survey." *Id.* An engineering crew cut a "line of sight" four feet wide along the center line of the proposed easement. *Id.* at 568. As a result, numerous trees were felled, many of which were of merchantable quality. *Id.* This court held the contractor had "the right to do what is reasonable under the circumstances to make a pre-condemnation survey." *Id.* at 569. However, said this court:

"[C]learing a line of sight through a heavily-wooded and brushy acreage may or may not be reasonably necessary. It is neither feasible nor necessary to attempt to list or categorize acts that are unreasonable in making a pre-condemnation survey. It is sufficient to observe that such a survey must be necessary to a condemnation that is planned and anticipated in good faith. It must be made in a manner that is both necessary and reasonable." *Id.*

It is clear from *Pogue* that whether the cutting of trees in constructing a utility line across an easement is reasonable and necessary is a question of fact. *Cf. Kerr v. Jennings,* 886 S.W.2d 117, 125[8] (Mo.App. W.D. 1994), which declares that whether an easement holder's use of the easement is reasonable is a question of fact.

■ The authorities heretofore discussed compellingly demonstrate that the tree destruction issue in the instant case is an issue of material fact. Consequently, this court holds the trial court erred as a matter of law in awarding Defendants summary judgment. That holding makes it unnecessary to consider the other issues raised in Plaintiff's brief and riposted in Defendants' briefs.

608

The judgment is reversed and the cause is remanded to the trial court for further proceedings consistent with this opinion.

PREWITT, P.J., and PARRISH, J., concur.