Richard SMITH and Beverly Smith, Plaintiffs–Appellants,

v.

Steve WOODARD, Defendant–Respondent.

No. 23081.

Missouri Court of Appeals, Southern District, Division Two.

April 18, 2000.

---

L. Thomas Elliston of Elliston Law Offices, Webb City, Mo., for Appellants.

John J. Podleski, Crandall & Podleski, of Carthage, Mo., for Respondent.

JAMES K. PREWITT, Judge.

This appeal stems from a judgment entered in a collateral action to enforce a judgment. In the original lawsuit, Steve Woodard (hereinafter "Woodard") filed an action against Richard and Beverly Smith (hereinafter "Smiths") seeking a roadway easement across their property. On the eve of trial of that suit, Case No. CV293–001CC, the parties agreed upon a settlement and a record of the agreement was made before the trial court the following day, October 4, 1995. In that agreement, the Smiths granted a 16–foot–wide easement to Woodard for use as a roadway.

In early 1996, Woodard filed a motion to enforce the settlement agreement, a hearing was conducted, and judgment entered on May 28, 1996, directing the parties to comply with the settlement agreement. In that judgment, the court found that the Smiths agreed to grant Woodard "an easement 16 feet in width, essentially running parallel to the fence line between the Smith and Walker property, running in a generally straight line due West to [Woodard's] property, on which [Woodard] could construct a roadway."

Thereafter, Woodard started construction of the roadway. In April of 1997, the Smiths observed that the road being constructed exceeded sixteen feet in width. Smiths' attorney advised Woodard that he not continue with the road construction until he had spoken to his attorney. Woodard stopped the construction at that time. Woodard's attorney then advised, by letter dated April 25, 1997, that it was an "erroneous assumption that the sixteen foot easement was only allowing a total of sixteen feet within which to work and build the roadway" and that a civil engineer advised "that construction work should be allowed to have a sixteen feet wide driving area." The Smiths' attorney responded by letter warning that a temporary restraining order would be sought if construction continued.

On May 27, 1998, the Smiths filed a two-count petition, Case No. CV198–782CC, to enforce the judgment entered in Case No. CV293–001CC, and sought compensation for damage done to the real estate. The petition alleged that Woodard exceeded the width of the 16–foot easement; had not constructed the road in a straight line and had curved the roadway off the easement; had made a major cut in the hill wider than the 16–foot–wide easement and deeper than mere "shaving;" had caused a major fill to be done in the westernmost valley; not kept the road "as low as possible;" and had not restored or corrected

damage to Smiths' real estate done outside the 16–foot easement. The Smiths alleged that Woodard failed to comply with the terms and conditions of the settlement agreement and the judgment entered in Case No. CV293–001CC. The petition also requested attorneys' fees incurred in obtaining enforcement of the judgment.

A hearing was held on the petition filed by the Smiths, and judgment entered on May 25, 1999. The judgment contained sixteen numbered paragraphs of "Findings of Fact," and seventeen "Conclusions of Law." The specific findings and conclusions will be discussed below where relevant. Essentially, the judgment found that Woodard had a 16–foot easement but was entitled to "alter and contour the land outside the easement to the extent necessary," and denied Smiths any award of damages and attorneys' fees.

Review of this action is set forth in Rule 84.13(d). In reviewing the judgment of a court-tried case, this court views the evidence and permissible inferences drawn therefrom in a light most favorable to the judgment. The judgment will be affirmed unless it is against the weight of the evidence, there is insufficient evidence to support it, or it erroneously declares or applies the law. *Hoelscher v. Simmerock,* 921 S.W.2d 676, 677 (Mo.App.1996).[1]

■ An appellate court should exercise the power to set aside a judgment on the ground that it is against the weight of the evidence with caution and a firm belief that it was wrong. *Rhodes v. Blair,* 919 S.W.2d 561, 564 (Mo.App.1996).

### Point I

Appellants allege the trial court erred in finding that Respondent "is entitled to alter and contour the land outside the 16 foot easement to the extent reasonably necessary to support a viable and useable roadway of 10 feet in width" because (A) an admission of Woodard established that the easement was 16–feet wide; and (B) it was the intent of the parties to grant and accept a 16–foot easement in that the parties entered into a settlement agreement and judgment that gave Woodard an easement sixteen feet in width. We agree with Appellants and find that the trial court erroneously construed the law in its application of the easement granted to Woodard.

■ Matters admitted pursuant to Rule 59.01 are conclusively established unless the court permits withdrawal or amendment of the admissions. Rule 59.01(c). *Rhodes,* 919 S.W.2d at 564. Such admissions eliminate the need for further proof of those matters. *Id.* Woodard's admission that the easement was for an easement sixteen feet in width conclusively established that fact. On July 13, 1998, Smith filed a certificate of service of a Request for Admissions upon Woodard's attorney, in accordance with Rule 59.01. The first numbered paragraph asked Woodard to admit the following:

1. That the settlement and judgment in the case of *Woodard v. Smith et ux,* Case No. CV293–001CC, in the Circuit Court of Jasper County, Missouri grants the Defendant only an easement sixteen foot in width.

On October 2, 1998, Defendant Woodard filed his response to the request for admissions. His first response was as follows:

1. Defendant admits the judgment in the case of *Woodard v. Smith,* Case No. CV293–001CC, in the Circuit Court of Jasper County, Missouri granted the Defendant an easement 16 foot in width.[2]

---

1. Effective January 1, 2000, Rule 73.01(c) does not contain a standard of review for appellate courts, but has been replaced with Rule 84.13(d).

2. The response was filed more than thirty days after service of the request as required by Rule 59.01(a). The docket sheet reflects that the court granted an extension to file the response.

The trial court's finding is also in error because the Settlement Agreement entered on October 4, 1995, in Case No. CV293–001CC, granted a 16 foot wide easement across Smiths' land for Woodard's use. Woodard and Smith testified in court and a record was made concerning the substance of the agreement as follows:

Direct Examination by Mr. Podleski:

PODLESKI: Now, you and the Smiths have reached an agreement on all issues,

. . .

WOODARD: Yes.

. . .

PODLESKI: And the Smiths have agreed that they will allow you a 16 foot wide easement – or 16 feet wide easement over here next to the fence line between the Smiths and the Walkers, and it will go basically at a straight line due west to your – to where your property and the Bulger property meet, correct?

WOODARD: Yes.

PODLESKI: And it's your agreement that the southern boundary of the road will match up with the boundary line between the Woodard property and the Bulger property, correct?

WOODARD: Yes.

. . .

PODLESKI: And that's approximately 990 feet, is that right?

WOODARD: I believe so.

■ "An oral stipulation should be as binding as a written contract when the oral agreement is entered into in open court by parties represented by able counsel and the agreement is spread upon the record." *Frederick v. Heim*, 943 S.W.2d 343, 347 (Mo.App.1997). The agreement read into the record that Smiths agreed to grant Woodard an easement 16 feet in width is binding upon both parties.

Woodard argues that the terms of the agreement are ambiguous and that the court was therefore permitted to interpret the ambiguous language, and to give a construction to the agreement that will reflect the real intention of the parties. We disagree; "16 feet in width" is not ambiguous. Woodard now argues that it was his intention to be allowed a reasonable roadway width, and that he requires at least ten feet of road surface. This discrepancy is only raised after Woodard attempted to construct the roadway and failed to remain within the sixteen feet of width granted him.

Woodard claims that testimony given at the time settlement agreement was read into the record that some "shaving done of that hill to make it – make the roadway a little more accessible and also to help with the drainage problem" would be necessary. Woodard asserts that this testimony shows that the intent of the parties was not to limit construction to the 16–foot easement. This testimony only refers to one hill and does not support Woodard's assertion.

■ Point I is granted. The trial court erroneously applied the law when it granted Woodard more use of the land than the easement agreed to by the parties. An easement entitles its owner to a limited use or enjoyment of the land of another. *Hoelscher*, 921 S.W.2d at 679. Woodard agreed to an easement sixteen feet in width, and was granted permission by the Smiths to get off the sixteen feet only during construction to maneuver equipment.

■ Although the terms of the settlement agreement may not allow Woodard the road surface he wishes to have, we cannot rewrite agreements for parties. Where the terms of the contract are clear, as we find they are here, we do not supply additional terms, but apply the agreement as written. *Brewer v. Devore*, 960 S.W.2d 519, 522 (Mo.App.1998).

*Point II*

Smiths allege the trial court erred in its determination that they did not prove any damage to the real estate, and argue that the court should have applied the law re-

garding measure of damages in trespass. The Smiths did not plead trespass in Count II of their petition, but stated that Woodard caused damage to their real estate, and that Woodard's evil motive or reckless indifference to the rights of others entitled them to punitive damages. In this case, whether the damage was for trespass or actual damage done to the real estate, we find that the Smiths were entitled to damages.

The measure of damages to real property, where the property can be restored to its former condition, is the difference in its fair market value before and after the injury, or the cost of restoring it, whichever is less. *Jordan v. Stallings*, 911 S.W.2d 653, 663 (Mo.App.1995). In cases alleging trespass, it is not necessary that damage result because trespass entitles the wronged party to nominal damages. *Id.* at 660. The general rule is that the measure of damages for tortious injury to real property is the difference in the fair market value of the property before and after the injury or the cost of restoring the property, whichever is the lesser amount. *Farmer's Mut. Fire Ins. Co. v. Farmer*, 795 S.W.2d 104, 108 (Mo.App.1990); *Kueffer v. Brown*, 879 S.W.2d 658, 666 (Mo. App.1994). This rule for measure of damages is similar to that for trespass, except with trespass no actual damage must be proven; the claimant is entitled to at least nominal damages. In the instant case, the measure of damages would be the same regardless of whether it was an award due to trespass or for damage to real property. We do not decide, therefore, if trespass was properly pled.

If an easement holder, while lawfully on the servient land, exceeds his rights under the easement in either the manner or extent of his use, he becomes a trespasser to the extent of the unauthorized use. *Branson West, Inc. v. City of Branson, Mo.*, 980 S.W.2d 604, 607 (Mo. App.1998). Entering land with consent or license and exceeding the scope of that consent or license constitute a trespass. *Id.* If the user of an easement exceeds his right, either in manner or extent of use, he is guilty of trespass and if proven, would allow for a legal remedy of damages. *Id.*

There was evidence that Woodard exceeded the scope of the easement, and damaged the real estate. The width of the road constructed under Woodard's direction exceeded 16 feet in many areas. The graded portion of the road measured from seventeen feet, six inches to seventy-five feet, ten inches. Additionally, the road was not constructed in a straight line, but curved at places. There was also testimony of the value of damage to the land. Appellant Beverly Smith testified that in her opinion, the difference in value of the real estate before and after the trespass was $12,000.00.[3]

Forest Stoots, an "excavation cable-laying contractor" with experience in building roads, testified that the to repair the damage in the cheapest way possible, would cost between $5,000.00 and $8,000.00. The proper measure of damages in this case is the cost to repair, since that amount is less than the value of the difference in the land before and after the damage. Because the testimony established that repair to the land would cost between $5,000.00 and $8,000.00, we award the mean: $6,500.00.[4]

*Point III*

Smiths allege error in failing to award attorneys' fees because this action, a collateral action, is an action in which attorneys fees are permitted. Woodard argues that the Smiths are not the wronged party, and therefore not enti-

---

3. A landowner's lay opinion may be competent evidence as to the value of their real estate. *See Casada v. Hamby Excavating Co., Inc.*, 575 S.W.2d 851, 854–55 (Mo.App.1978).)

4. Pursuant to the authority in Rule 84.14, this court may give the judgment the trial court ought to give.

tled to attorneys' fees. The trial court has broad discretion to award attorneys' fees and its decision will not be overturned unless it abuses that discretion. *DCW Enterprises, Inc. v. Terre du Lac Association, Inc.*, 953 S.W.2d 127, 132–33 (Mo.App. 1997). As explained in the discussions under Points I and II, this court finds that the Smiths are the wronged parties. Although perhaps permitted, we find no abuse of discretion in not awarding attorneys' fees.

### Point IV

The Smiths allege the trial court erred when it did not award them punitive damages.

 It is within the discretion of the trial court whether to award punitive damages. *Roberts Pallet Co., Inc. v. Molvar*, 955 S.W.2d 586, 589 (Mo.App.1997). Punitive damages are appropriate when defendant's conduct is outrageous because of defendant's evil motive or reckless indifference to the rights of others. *Id.*

After review of the record, we have determined that the trial court did not abuse its discretion in denying punitive damages.

### Point V

 This point alleges trial court error when it "did not make the specific findings of fact requested by Smiths." The trial court did make extensive findings of fact. Failure of a court to prepare specified findings of fact as requested by counsel is error, and mandates reversal when such failure materially affects the merit of the action or interferes with appellate review. *Lattier v. Lattier*, 857 S.W.2d 548, 549 (Mo.App.1993). If the record is sufficient to support the judgment, we will affirm. *Id.* The findings of the judgment in this case are sufficient to support the judgment and did not interfere with review of the merits. Point V is denied.

Pursuant to the authority vested in this court by Rule 84.14, the Judgment of May 25, 1999, is amended to require Woodard to (1) cease from constructing any part of the roadway off of the 16–foot–wide easement, (2) cease constructing the roadway on the westernmost part of the easement in a curved manner, but only to construct the roadway on the easement sixteen feet in width and in a straight line due west to the point where his property meets the Bulger's property, which essentially will run parallel to the fence line between the Smith and Walker property, and (3) award damages to the Smiths in the amount of Six Thousand Five Hundred Dollars ($6,500.00). The remainder of the judgment is affirmed. The cause is remanded to the circuit court and it is directed to amend its judgment as above stated so that said judgment is in accordance with this opinion.

MONTGOMERY, P.J., and BARNEY, J., concur.