# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3576

_____

In re:  Melba L. Olson,                    *
                                           *
            Debtor,                        *
                                           *
----------------------------------         *
                                           *
Charles Higgins,                           *
                                           *
            Appellee,                      *
                                           *   Appeal from the United States
       v.                                  *   District Court for the
                                           *   Eastern District of Missouri.
Melba L. Olson,                            *
                                           *      [UNPUBLISHED]
            Appellant,                     *
                                           *
Peter Lumaghi,                             *
                                           *
            Trustee.                       *

_____

Submitted:  April 5, 2002
    Filed:  April 10, 2002

_____

Before LOKEN, BEAM, and RILEY, Circuit Judges.

_____

PER CURIAM.

In August 1997, a Missouri trial court concluded that Melba Olson had converted property belonging to Charles Higgins. The court awarded compensatory damages, but not the punitive damages Higgins had requested. This appeal arises out of Olson's bankruptcy filing, and Higgins's subsequent successful attempt to have the state court judgment declared non-dischargeable.

Under 11 U.S.C. § 523(a)(6), a debtor may not discharge debt "for willful or malicious injury" to the property of another. The bankruptcy court[1] held a trial to determine whether Olson acted willfully and maliciously. It concluded she had and ordered the debt non-dischargeable. On appeal to the district court,[2] Olson argued the state court's failure to award punitive damages was a ruling that she did not act willfully or maliciously, and should have had collateral-estoppel effect in the bankruptcy court. The district court disagreed. Olson renews her argument in this Court.

Upon de novo review, see In re Scarborough, 171 F.3d 638, 641 (8th Cir.), cert. denied, 528 U.S. 931 (1999), we conclude the district court properly found collateral estoppel was inapplicable. For collateral estoppel to apply, the issue must have been "necessarily and unambiguously" decided in the prior action. See State v. Nunley, 923 S.W.2d 911, 922 (Mo. 1996) (en banc). The issue of willfulness and malice was not essential to the state court's determination that Olson had converted the property. See Coffman v. Faulkner, 591 S.W.2d 23, 26 (Mo. Ct. App. 1979) (questions of good faith or motive are not generally involved in conversion actions). Neither was the issue essential to the state court's decision not to award punitive damages. See Koehler v. Warren Skinner, Inc., 804 S.W.2d 780, 782 (Mo. Ct. App. 1990) (punitive

_____

[1]The Honorable David P. McDonald, United States Bankruptcy Judge for the Eastern District of Missouri.

[2]The Honorable Catherine D. Perry, United States District Judge for the Eastern District of Missouri.

damages are never a matter of right; whether or not they are awarded lies within the trial court's discretion).  Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.