Robert **MILLER**, Trustee of the, Robert C. Miller Revocable Trust Agreement of March 15, 1993, and Robert C. Miller, Individually, Respondents,

v.

The **BEECHWOOD CLUB, INC.,** Appellant.

No. ED 86984.

Missouri Court of Appeals, Eastern District, Division Two.

Aug. 29, 2006.

Albert C. Lowes, Stephen P. Wilson, Cape Girardeau, MO, for appellant.

Albert M. Spradling III, Cape Girardeau, MO, for respondent.

---

Before GEORGE W. DRAPER III, P.J., GARY M. GAERTNER, SR., J., and ROBERT G. DOWD, JR., J.

### ORDER

PER CURIAM.

Robert C. Miller (hereinafter, "Miller") brought suit against The Beechwood Club, Inc. (hereinafter, "Appellant"), seeking damages and a permanent injunction against Appellant for littering and discharging waste onto his property. Appellant counterclaimed seeking damages for trespassing by Miller. The trial court granted Miller damages and a permanent injunction against Appellant, and ordered Miller to move his fence to the property line. Appellant brings this appeal, raising four points in which it believes the trial court erred.

Appellant's third point on appeal has merit. Appellant alleges the trial court erred in failing to award it monetary damages for the fence which encroached upon its property. Appellant believes that it is entitled to at least nominal damages to compensate it for the trespass by Miller's fence. We agree.

The trial court found Miller's fence encroached Appellant's property as ascertained by a recent land survey. The trial court stated Appellant failed to prove it sustained any damages resulting from Miller's encroaching fence. Further, the trial court noted Appellant did not prove the erection of the fence was willful or intentional.

"Trespass is the unauthorized entry by a person upon the land of another, regardless of the degree of force used, even if no damage is done, or the injury is slight." *Ogg v. Mediacom, L.L.C.*, 142 S.W.3d 801, 807 (Mo.App. W.D.2004)(*quoting Crook v. Sheehan Enters., Inc.*, 740 S.W.2d 333, 335 (Mo.App. E.D.1987)). The evidence showed, and the judgment reflected, a trespass was committed by Miller, despite the fact Appellant failed to prove damages. Appellant is entitled to nominal damages. *Smith v. Woodard*, 15 S.W.3d 768, 773 (Mo.App. S.D.2000); *Kelley v. Kelly Residential Group, Inc.*, 945 S.W.2d 544, 553 (Mo.App. E.D.1997); *Vecchiotti v. Tegethoff*, 745 S.W.2d 741, 745 (Mo.App. E.D. 1987). Accordingly, we modify the judgment of the trial court to reflect an award of $1.00 nominal damages in favor of Appellant. Rule 84.14.

We have reviewed the briefs of the parties and the record of Appellant's remaining issues on appeal. An extended opinion of these remaining points would have no precedential value. We have, however, provided a memorandum opinion for the use of the parties only, setting forth the reasons for our decision. We affirm the judgment, as modified, pursuant to Rule 84.16(b).