STATE of Missouri,
Plaintiff-Respondent,

v.

Edmond SIMMONS,
Defendant-Appellant.

No. 51350.

Missouri Court of Appeals,
Eastern District,
Division Four.

May 12, 1987.

Motion for Rehearing and/or Transfer
Denied June 17, 1987.

Application to Transfer Denied
Sept. 15, 1987.

Caterina Ditraglia, St. Louis, for defendant-appellant.

William L. Webster, Atty. Gen., Donna Richards-Crosswhite, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

STEPHAN, Judge.

Found guilty by a jury of the class C felony of stealing, § 570.040, RSMo 1986 defendant was sentenced by the trial court as a prior offender to seven years imprisonment. § 558.016, RSMo 1986. Defendant appeals; we affirm.

At approximately 9:00 p.m. on September 23, 1985, Laura Ann Stovall, a salesperson in the Famous-Barr store located on South Kingshighway in the City of St. Louis, saw defendant enter the store. She watched as defendant went to the men's department, a short distance from her work station, where he grabbed a number of belts from a display rack and ran from the store without paying for them. Approximately twenty minutes later, St. Louis Police Officer Leroy Nunnally, who was patrolling the area in a marked police car, saw a man in a parking lot holding a number of leather belts. At that point, Officer Nunnally did not know of the theft. When the man saw the police car, he started to run through an alley. Nunnally blocked the alley with his car and detained the man who had eleven leather belts, some with display hooks and Famous-Barr labels on them. Nunnally radioed for an "assist car", and he was directed to take the man to Famous-Barr where he met Sergeant Donald Ebner. Nunnally took the man into the store where he was immediately identified by

Ms. Stovall as the person who had taken the belts from the store. At trial, Ms. Stovall positively identified defendant as the same person.

Defendant claims two points of error: (1) that he was the victim of an illegal search and seizure and, therefore, the trial court erred in admitting into evidence the stolen belts and Ms. Stovall's testimony concerning her identification of the defendant when Nunnally brought him back to the store; and, (2) that the trial court erred in granting the state's motion in limine thus preventing defendant from eliciting from Officer Nunnally the fact that, when Nunnally detained him, defendant said he had run from the officer because defendant did not have a peddler's license to sell the belts.

■■■ We discern no violation of defendant's Fourth Amendment rights in connection with his initial detention by Officer Nunnally. It is well established that a police officer is not required to have probable cause for arrest in order to make an investigatory stop. *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); *State v. Adell*, 716 S.W.2d 469, 471 (Mo. App.1986). In the instant case, the police officer observed the defendant at approximately 9:25 p.m. standing on a restaurant parking lot holding eleven belts partially wrapped in a jacket. When the defendant saw the police car, he attempted to flee. Such facts allow for an investigatory stop. As was said in *State v. Sims*, 639 S.W.2d 105, 107 (Mo.App.1982), "Investigative detention is lawful if, in the totality of the circumstances, a particularized suspicion results that the person stopped is engaged in wrongdoing. The retrospective evaluation takes into consideration the inferences which would be drawn by a trained police officer and the evidence is to be viewed as seen by one versed in law enforcement."

■■ When the officer stopped defendant and the belts fell to the ground, they were, as defense counsel admitted, in plain view. It was thus reasonable for Officer Nunnally to pick up the belts and examine them in the course of his limited investigation. *State v. Collett*, 542 S.W.2d 783, 786 (Mo.

banc 1976). Upon seeing the obliterated tags and the Famous Barr name, and the display hooks on the belts, it was purely good police work for Officer Nunnally to hold defendant briefly while he investigated further. It was necessary to handcuff defendant and place him in the car because the Officer was alone and needed to use the radio, and defendant had shown that he would run if possible. The point is denied.

■■ In his second point, defendant objected to exclusion of Officer Nunnally's testimony that when he grabbed defendant, the latter stated that he ran because he did not have a peddler's license. We agree with the trial court, that defendant had plenty of time after the commission of the crime to decide what he would say. Thus, defendant's remark cannot properly be characterized as a spontaneous utterance, admissible as an exception to the hearsay rule. As stated in *State v. Lewis*, 526 S.W.2d 49, 54 (Mo.App.1975), "spontaneity is the key." The statement must be reaction to the "event itself" and not to the intervention of the police. *Id.* Neither was the remark *res gestae*. According to *State v. Green*, 541 S.W.2d 93, (Mo.App. 1976), the *res gestae* exception to the hearsay rule applies to statements "spontaneously uttered, occasioned by the excitement surrounding the commission of the offense," *not* the excitement occasioned by the investigatory stop.

The judgment is affirmed.

GARY M. GAERTNER, P.J., and SIMON, J., concur.