**STATE of Missouri, Respondent,**

v.

**Burl PRESTON, Appellant.**

**Burl PRESTON, Appellant,**

v.

**STATE of Missouri, Respondent.**

**Nos. 60486, 62442.**

Missouri Court of Appeals,
Eastern District,
Division Four.

July 20, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 8, 1993.

Application to Transfer Denied
Oct. 26, 1993.

628

Jeremiah W. (Jay) Nixon, Atty. Gen., John M. Saleeby, Asst. Atty. Gen., Jefferson City, for respondent.

Elizabeth Haines, St. Louis, for appellant.

SIMON, Judge.

Appellant, Burl Preston, appeals his jury conviction for possession of Phencyclidine, a controlled substance, in violation of § 195.202 R.S.Mo.1986. He was sentenced as a prior and persistent offender to a three year prison sentence. He also appeals the denial of his post-conviction relief (Rule 29.15) motion without an evidentiary hearing.

On appeal, appellant claims the trial court erred in (1) denying his motion to suppress certain evidence because the evidence was the product of an illegal search and seizure; (2) overruling his objections to the prosecutor's comments during closing argument on matters not in evidence; and (3) submitting MAI–CR3d 302.04 defining "reasonable doubt." He also claims the motion court erred in denying his Rule 29.15 motion without an evidentiary hearing because the record does not refute his claim that trial counsel was ineffective. We affirm.

Appellant does not contest the sufficiency of the evidence so we briefly review the evidence in a light most favorable to the verdict. On March 21, 1990, at approximately 9:00 p.m., Officer John Stransky of the St. Louis Police Department was patrolling in the 4100 block of West Florissant, an area he described as a "high drug, high crime area." He noticed a white Lincoln Continental automobile with an expired license plate sticker travelling right in front of him. While travelling behind this vehicle, he used the mobile data terminal computer in his patrol car to check if the car was stolen and that it was properly registered. Upon doing so he found that the license plates were indeed expired, and pulled appellant over for operating a motor vehicle without valid license plates.

Officer Stransky exited his car, went to the driver's window of the white Lincoln, and asked the driver for his driver's license. At that point, Officer Stransky detected a strong odor of ether which, based upon his experience, he believed to be Phencyclidine (PCP). Appellant, the driver of the vehicle, was observed by Officer Stransky to have a strong odor of ether on his breath, watery and bloodshot eyes, and he was nervous and fidgety. A passenger in the car also ap-

peared to have watery and bloodshot eyes and was nervous and fidgety. Officer Stransky had both men exit the vehicle because he believed there was PCP in the car or in that area. For his safety, Officer Stransky conducted a pat-down search of appellant and felt a bulge maybe three inches in length in his right coat pocket which he believed to be a pocket knife. He then reached into appellant's pocket and pulled out a bottle which had a strong odor of ether on it. Officer Stransky also found a cigarette which had a strong ether odor inside the pocket. The record does not indicate whether or not the cigarette was retrieved with the same reach as the bottle. Officer Stransky placed appellant in handcuffs, and appellant made a spontaneous statement to the effect of, "Why are you f——ing with me? I'm a working man. All I want to do is go home and get high." Appellant was taken into custody, and placed in the back seat of Officer Stransky's patrol car. At some point, an assist officer arrived at the scene, and Officer Stransky made a search of appellant's car in an area where the driver's hands could have reached. Appellant was subsequently charged with possession of a controlled substance, to wit, PCP. After a jury trial during which the bottle and cigarette were admitted in evidence, and evidence established that the cigarette contained PCP, appellant was convicted.

Appellant's first point is that the trial court erred in denying his motion to suppress the bottle and cigarette because they were the product of an illegal search and seizure in that Officer Stransky did not possess a reasonable belief based on specific and articulable facts which reasonably warranted a belief that appellant was dangerous and might gain immediate control of weapons. Further, appellant contends, Officer Stransky exceeded the scope of a protective search where he had no legitimate reason for believing that either the bottle or cigarette item was a weapon.

■ Though appellant's point is directed to the trial court's overruling of his motion to suppress evidence, the focus is on the overruling of appellant's objection at trial as to the admission of the evidence. In reviewing the trial court's ruling, we look only to determine whether the evidence was sufficient to support the ruling. *State v. Burkhardt,* 795 S.W.2d 399, 404[6, 7] (Mo.banc 1990). It is not this court's province to substitute its discretion for that of the trial court, but instead from the record before us which encompasses all the circumstances, the total atmosphere of the case, we decide only whether there was sufficient evidence to support the trial court's action. *Id.* The weight of the evidence and the credibility of the witnesses is for the trial court's determination. *Id.* We note that neither the bottle in question nor any representation thereof has been made a part of the record on appeal. The record does not contain a transcript of a pre-trial suppression hearing, if any such hearing was held.

■ The evidence adduced at trial shows that appellant was pulled over by Officer Stransky because he was driving a car with an expired license plate sticker. Since Officer Stransky had witnessed a traffic violation, he had authority to stop the automobile for purposes of issuing a traffic summons. *State v. Reynolds,* 753 S.W.2d 1, 2[1] (Mo.App.1988). Upon approaching the driver's window, Officer Stransky detected an odor of ether which, through his experience, he associated with the presence of PCP. Even without this indication of illegal conduct, however, it was proper for Officer Stransky to order appellant and the passenger out of the vehicle. *Id.,* at 2[2].

Further, a police officer may in appropriate circumstances and manner approach a person for the purpose of investigating possibly criminal·behavior and conduct a protective search for weapons even though he lacks probable cause to make an arrest. *Terry v. Ohio,* 392 U.S. 1, 22–23, 88 S.Ct. 1868, 1880–81, 20 L.Ed.2d 889, 906–07 (1968). An investigative detention is lawful if, in the totality of the circumstances, a "particularized suspicion" results that the person stopped is engaged in wrongdoing. *State v. Reynolds,* 753 S.W.2d at 2[2]. The retrospective evaluation takes into consideration the inferences which would be drawn by a trained police officer and the evidence is to be viewed as seen by one versed in law enforcement. *State v. Simmons,* 734 S.W.2d 513, 514[1, 2] (Mo.App.

1987). Here, after appellant was initially stopped for a traffic violation, Officer Stransky detected an ether odor and an odor of ether on the breath of appellant, the driver. He also noticed that appellant's and his companion's eyes were bloodshot and watery, and that both were nervous and fidgety. We find that these observations, combined with Officer Stransky's knowledge regarding the connection between the odor of ether and the presence of PCP, created a particularized suspicion of criminal activity so as to warrant an investigative detention of appellant. Officer Stransky was entitled to conduct a limited search of the person of appellant for weapons if, under all the circumstances present, he was warranted in believing that his safety would be in danger. *State v. Sims*, 639 S.W.2d 105, 108[4] (Mo.App.1982). Here, the fact that Officer Stransky had reason to believe that at least appellant was under the influence of PCP, and the fact that he was numerically disadvantaged as the lone police officer at the scene in a high crime area, would justify a limited preliminary search of appellant and his passenger under *Terry* for weapons in order to protect the officer's safety. *See, id.,* at 108[5–7]. If, while conducting a legitimate *Terry* search, an officer should discover contraband other than weapons, he cannot be required to ignore the contraband, and the Fourth Amendment does not require its suppression in such circumstances. *Michigan v. Long*, 463 U.S. 1032, 1050, 103 S.Ct. 3469, 3481, 77 L.Ed.2d 1201, 1220 (1983). Here, upon feeling an object he believed to be a knife in appellant's right coat pocket, Officer Stransky was justified in securing this item for reasons of his own personal safety. Appellant has no constitutional basis to complain that the bottle and cigarette containing contraband were discovered during the limited body search which accompanied the investigative detention. *Sims*, at 108[5, 7]. Thus, the trial court did not err in admitting the bottle and the cigarette in evidence. Point denied.

In his next point, appellant contends that the trial court abused its discretion by overruling his objections to the prosecutor's comments during closing arguments where the prosecutor argued matters not in evidence in that the comments were impermissibly calculated to inject irrelevant considerations into the jurors' decision making process and inflame the passions and prejudices of the jury.

During closing argument, the prosecutor made the following statements now the subject of this point on appeal:

[Prosecutor]: ... You have to realize that drugs are out on the street. St. Louis is not what it used to be.

[Defense Counsel]: Objection.

The Court: Overruled.

[Prosecutor]: St. Louis is not what it used to be 30 years ago. People use (sic) to walk around—

[Defense Counsel]: Objection.

The Court: Overruled.

[Prosecutor]: People use (sic) to walk out of the house and be free of fear, but not today. People stay in their houses because drugs are out there. These people with drugs feel big. People see people 37 and 38 using types of drugs. And, they see people 12, 13, 14, 15.

Yes we have a drug problem. The police are out there. We prosecute them for you.

\*        \*        \*

▆▆▆ The trial court is afforded wide discretion in determining the permissible scope of counsel's argument to the jury and unless an abuse of discretion is demonstrated, to the prejudice of the accused, the case will not be reversed on appeal. *State v. Walls*, 744 S.W.2d 791, 797–98[6, 7] (Mo.banc 1988), *cert. denied*, 488 U.S. 871, 109 S.Ct. 181, 102 L.Ed.2d 150 (1988). The prosecutor is permitted to argue such propositions as the prevalence of crime in the community and the personal safety of its inhabitants and such pleas may call upon common experience. *State v. Clemmons*, 753 S.W.2d 901, 909[15, 16] (Mo.banc 1988), *cert. denied*, 488 U.S. 948, 109 S.Ct. 380, 102 L.Ed.2d 369 (1988). The prosecutor may also argue the necessity of law enforcement to deter crime and the evils that may befall society if a jury fails its duty. *Morrison v. State*, 779 S.W.2d 677, 683[9, 10] (Mo.App.1989).

▆▆▆ Here, the prosecutor's challenged comments were within the parameters of

permissible argument, and nothing in the record indicates that the comments were designed to inflame the passions or prejudices of the jury. Point denied.

■ Appellant next complains that the trial court erred in submitting MAI–CR3d 302.04, defining "reasonable doubt," asserting that the "firmly convinced" definition of reasonable doubt contained in the instruction suggests a higher degree of doubt than is constitutionally required for acquittal, and that the instruction allowed the jury to find him guilty based on a degree of proof below that required by due process.

Our Supreme Court has held that the term "firmly convinced" is "intended to assist lay jurors in their understanding of the legal phrase 'beyond a reasonable doubt' [and that] 'firmly convinced' is essentially synonymous with 'beyond a reasonable doubt.'" *State v. Antwine*, 743 S.W.2d 51, 62–63[12] (Mo. banc 1987), *cert. denied*, 486 U.S. 1017, 108 S.Ct. 1755, 100 L.Ed.2d 217 (1988). This holding has not changed. *State v. Griffin*, 848 S.W.2d 464, 469[8] (Mo.banc 1993). The trial court did not err in submitting the instruction.

· Finally, appellant contends that the motion court erred in denying his Rule 29.15 motion without an evidentiary hearing because he was denied effective assistance of counsel where trial counsel failed to obtain police radio dispatch tapes which would show that appellant was not operating a vehicle when the police officer detained him.

■ Review of appellant's Rule 29.15 motion is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. Rule 29.15(j). The motion court's findings and conclusions are clearly erroneous only if a review of the entire record leaves the reviewing court with a definite and firm impression that a mistake has been made. *State v. White*, 798 S.W.2d 694, 697[6] (Mo.banc 1990).

■ To prevail on an ineffective assistance of counsel claim, a movant must show both that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064,

80 L.Ed.2d 674, 693 (1984). To prove deficient performance a movant must show that counsel's acts or omissions were outside the range of professionally competent assistance. *Id.* To do this movant must overcome the presumption that counsel's challenged acts or omissions were sound trial strategy. *State v. Flenoid*, 838 S.W.2d 462, 470[18–21] (Mo. App.1992). To show prejudice, a movant must show there was a reasonable probability that, but for the errors of his counsel, the jury would have had reasonable doubt respecting his guilt. *Id.* If a movant makes an insufficient showing on either the deficient performance component or the prejudice component, the court need not address the other component. *Id.*

■ To be entitled to an evidentiary hearing on the issue of ineffective assistance of counsel, a movant seeking relief under Rule 29.15 must plead facts, not conclusions, which, if true, would warrant relief. *Id.*, at 470[2]. The allegations must be unrefuted by the record, and the matters complained of must have prejudiced the movant. A hearing is not required if the motion, files and records of the case conclusively show that the movant is not entitled to relief. Rule 29.-15(g); *id.*

■ Appellant alleged in his motion, in pertinent part, as follows:

Movant submits that Officer Stransky had NO probable cause to search him as he (movant) was NOT operating the car at the time he was arrested. He was parked on the Amoco lot when Stransky made an illegal search of his car.

Movant informed trial counsel of these facts prior to trial. Movant also requested that counsel subpoena the tape to show the time, date and location of the incident. Had he subpoenaed the tape, he would have found that Stransky did NOT radio in about expired license plates. Since Stransky had NO probable cause to search Mr. Preston's car, the search was illegal, and any evidence found in the car should have been suppressed.

Counsel's failure to subpoena the tape was unreasonable and thus ineffective assistance of counsel. Had counsel subpoe-

naed the tape, there is a likelihood that the evidence would have been suppressed and the outcome to the trial would have been different.

Appellant stated in his motion that he would rely on the transcript and legal file of the underlying criminal cause in order to prove his allegations.

Respecting this allegation of ineffective assistance of counsel for failure to subpoena police radio dispatch tapes, the motion court found:

2. Failure to subpoena radio dispatch tapes—This allegation is flawed since officer is alleged to have used a mobile computer, *not* a radio to check license status.

(Emphasis original.) The motion court also concluded that an evidentiary hearing was not necessary because appellant alleged that the only evidence to be presented in support of his claims was the transcript and trial file, of which the court concluded it could take judicial notice.

We agree with the motion court's finding that appellant's allegation of ineffective assistance of counsel based on a failure to subpoena the police radio dispatch tapes is flawed. The record reflects that Officer Stransky used a mobile data terminal computer in his patrol car, not a radio, to check the license plates. Accordingly, we find that appellant was not prejudiced.

Further, appellant argues on appeal that trial counsel was ineffective for failing to subpoena the police radio dispatch tapes because this was a failure to investigate thoroughly. Appellant argues on appeal that a more extensive investigation by trial counsel would have uncovered evidence that Officer Stransky had not used his mobile data terminal to find out whether appellant's license plates were expired which had provided the officer with a pretext for detaining appellant in order to illegally search him. Therefore, appellant contends, trial counsel's failure to obtain the radio dispatch tapes amounted to prejudice to him.

■ Appellant fails to reveal specifically what evidence on the police radio dispatch tapes would show that Officer Stransky did not use a mobile data terminal computer in order to check the status of appellant's license plates. To the extent appellant implies that the tapes would show that Officer Stransky used the radio, and not the mobile data terminal computer, his argument is inconsistent with the allegation contained in his Rule 29.15 motion that the tapes would show that Officer Stransky did not use the radio. In any event, the claim that trial counsel was ineffective for failing to investigate thoroughly was not contained in appellant's pro se or amended motions, and was thus not considered or passed upon by the motion court. Claims which are not presented to the motion court cannot be raised for the first time on appeal. *Amrine v. State,* 785 S.W.2d 531, 535[8] (Mo.banc 1990), *cert. denied,* 498 U.S. 881, 111 S.Ct. 227, 112 L.Ed.2d 181 (1990).

The record conclusively shows that the allegations contained in appellant's motion are refuted by the record, and that appellant is not entitled to relief. The motion court was not clearly erroneous in denying appellant's Rule 29.15 motion without an evidentiary hearing. Point denied.

Judgments affirmed.

CARL R. GAERTNER, P.J., and CRAHAN, J., concur.