STATE of Missouri, Appellant,

v.

Daniel KAMPSCHROEDER, Defendant/Respondent.

No. 74596.

Missouri Court of Appeals, Eastern District, Division Four.

Feb. 2, 1999.

Gordon R. Upchurch, John G. Meyer, Asst. Pros. Attys., Union, for appellant.

Frank K. Carlson, Union, for respondent.

RHODES RUSSELL, Judge.

State interlocutorily appeals the trial court's order sustaining defendant's motion to suppress evidence in a criminal drug proceeding. We find that the search of defendant was incident to a lawful arrest and the subsequent search of the house was conducted pursuant to consent. However, no valid consent was given to search the automobile. We reverse and remand in part and affirm in part.

The evidence viewed in a light most favorable to the ruling is as follows. On the evening of February 19, 1997, Washington city police officers were dispatched to a residence to investigate a report of a husband breaking into a house. When the officers approached the home, defendant's wife answered the door and let the officers into the house. The officers discovered what appeared to be a milk shake thrown on the door. In addition, the door had been ripped off its hinges and was lying on the floor along with clothes, glass, and drops of blood.

Wife told an officer she and her son were gone from the home for a few days. When they returned, they had some difficulty getting in the door, so wife had pushed the door open. Wife related how she refused to let her husband in when he came to the house. She told an officer he threatened to break the glass in the door if she did not let him in the house. She next related that defendant did break the glass, entered the house, grabbed her by the wrist, and pushed her. The officers placed defendant under arrest "for domestic violence" and searched his person finding marijuana and methamphetamine.

An officer testified that wife, after hearing what the officers found, asked the officers to search the residence and signed a form

granting permission to search.[1] In the search of the house, officers found drug paraphernalia. The officers also asked wife for permission to search the automobile defendant had driven to the house. Although State implies in its brief that wife specifically granted permission to search the car as well, the record does not reflect this. Regardless, the officers searched the car and found a portion of a burned hand-rolled marijuana cigarette and a silver tube with marijuana residue.

Defendant was charged with the class C felony of possession of a controlled substance for methamphetamine. He filed a motion to suppress evidence and a motion to suppress statements. The trial court sustained the motion to suppress, but filed no findings of fact or conclusions of law. State appeals pursuant to section 547.200.1(3), (4) RSMo (Cum.Supp.1997).

In its first point on appeal, State argues the trial court erred in sustaining defendant's motion to suppress because defendant was lawfully arrested and the subsequent search of his person was incident to that arrest. Defendant counters that his arrest "for domestic violence" was not lawful because the officers had no probable cause to arrest him. Therefore, evidence found during any searches conducted incident to and subsequent to that arrest would be subject to exclusion as "fruits of the poisonous tree."

■ Review of a trial court's ruling on a motion to suppress is limited to determining whether the evidence is sufficient to support the trial court's ruling. *State v. Carter*, 955 S.W.2d 548, 560 (Mo. banc 1997). We view the facts and any reasonable inferences therefrom in a light most favorable to the ruling of the trial court and disregard any contrary evidence and inferences. *Id.; State v. Winston*, 959 S.W.2d 874, 878 (Mo.App. 1997). The fact there is evidence from which the trial court could have arrived at a contrary conclusion is immaterial. *State v. Owsley*, 959 S.W.2d 789, 794 (Mo. banc 1997). If the trial court's ruling is plausible in light of the record viewed in its entirety, this court may not reverse it even though convinced

that had it been sitting as the trier of fact, it would have weighed the evidence differently. *State v. Cook*, 854 S.W.2d 579, 581 (Mo.App. 1993).

■ When the parties have not requested findings of fact or conclusions of law and none are entered, the trial court is presumed to have made findings in accordance with the decree entered. *Roberts Pallet Co., Inc. v. Molvar*, 955 S.W.2d 586, 588 (Mo.App.1997). The judgment will be affirmed under any reasonable theory supported by the evidence. *Id.*

In order to sustain the motion to suppress the search of defendant's person as not incident to arrest, the trial court must have found that the arrest of defendant was unlawful, for a lawful arrest justifies a warrantless search of the arrestee. *State v. Clay*, 845 S.W.2d 97, 99 (Mo.App.1993).

■ A warrantless arrest is only valid if the police have probable cause to make an arrest. *State v. Ware*, 793 S.W.2d 412, 414 (Mo.App.1990). Probable cause exists when the circumstances and facts would warrant a person of reasonable caution to believe an offense has been committed. *Poage v. Director of Revenue, State of Mo.*, 948 S.W.2d 194, 196 (Mo.App.1997). The determination of whether an officer has probable cause to make an arrest must be made in relation to the circumstances as they appeared to a prudent, cautious and trained police officer. *Id.* More than bare suspicion is required to support a finding of probable cause. *Ware*, 793 S.W.2d at 414. The type of facts needed to determine probable cause is found, *inter alia*, in the definition of the substantive offense. Because defendant was arrested for "domestic violence," the type of facts needed is found in the definition of adult abuse.

Section 455.085.1 RSMo 1994 provides in pertinent part:

> When a law enforcement officer has probable cause to believe a party has committed a violation of law amounting to abuse or assault, as defined in section 455.010, against a family or household member, the officer may arrest the offending party whether or not the violation oc-

---

1. No form, however, was entered into evidence at the suppression hearing.

curred in the presence of the arresting officer . . .

Section 455.010(1) RSMo 1994 provides in pertinent part:

"Abuse" includes but is not limited to the occurrence of any of the following acts, attempts, or threats against a person who may be protected under sections 455.010 to 455.085:

(a) "Assault", purposely or knowingly placing or attempting to place another in fear of physical harm;

(b) "Battery", purposely or knowingly causing physical harm to another with or without a deadly weapon . . .

■ We find the warrantless arrest of defendant was lawful as the officers had probable cause to arrest him for domestic abuse. The evidence showed that defendant broke into the house by shattering the glass in the door. In addition, defendant grabbed wife by the wrist and pushed her once inside. This evidence satisfies the statutory definition of assault, as it demonstrates that defendant purposely or knowingly attempted to place wife in fear of physical harm.

■ Defendant's arrest being lawful, the search of his person incident to that arrest was permissible. A lawful arrest justifies a warrantless search of the arrestee and of the area within his immediate control in order to prevent the arrestee from obtaining weapons or destroying evidence. *State v. Vitale*, 795 S.W.2d 484, 486 (Mo.App.1990). Justification for this authority rests as much on the need to disarm the suspect as it does on the need to preserve evidence on his person for later use at trial. *Id.* at 486–87. As the search of defendant's person was lawful, the trial court erred in granting his motion to suppress as to this search.

■ In its second point, State argues the trial court erred in sustaining defendant's motion to suppress the searches of the residence and automobile as they were conducted pursuant to consent. As a general rule, searches conducted without a search warrant are unreasonable and violate a defendant's fourth amendment rights. *State v. Jones*, 959 S.W.2d 829, 834 (Mo.App.1997). However, a search conducted pursuant to valid consent is constitutionally permitted as long as the consent was voluntary. *Id.* Consent is voluntarily given if, considering the totality of the circumstances, an objective observer would conclude that the person giving consent made a free and uncontrolled choice to do so. *State v. Scott*, 926 S.W.2d 864, 868 (Mo.App.1996).

■ The evidence showed that wife gave consent to the officers to search the house. When consent to search a location is given by a third person, this person must retain access to or control over that location in order to give effective consent to search. *Jones*, 959 S.W.2d at 834. The uncontroverted evidence established that wife and defendant jointly occupied the house. Therefore, she possessed the authority to give consent to a search of the house. *See State v. McGee*, 757 S.W.2d 321, 323–24 (Mo.App. 1988). In addition, there was no evidence that wife was coerced in any way. In fact, the evidence demonstrated wife suggested the officers search the house. As a result, wife's consent gave the officers authority to search and, therefore, the trial court erred in suppressing evidence found in the search of the house.

■ As to the search of defendant's automobile, we find the trial court did not err in granting the motion to suppress. The defendant had driven the automobile to the house prior to the incident. There was no evidence that wife specifically consented to the search of the automobile, or that she had any ownership, control, or authority over it. Clearly, defendant did not grant consent to search the automobile. Therefore, without a valid consent, evidence obtained from such a search is not admissible. *See State v. Mercer*, 618 S.W.2d 1, 9 (Mo. banc 1981).

The order of the trial court is reversed and remanded as to the searches of defendant's person and residence, and affirmed as to the search of defendant's automobile.

MARY K. HOFF, P.J., and GARY M. GAERTNER, J., concur.