STATE of Missouri, Appellant,

v.

Charles LEWIS, Respondent.

No. ED 77332.

Missouri Court of Appeals,
Eastern District,
Division Three.

April 25, 2000.

Jane M. Boardman, Asst. Cir. Atty., St. Louis, for appellant.

William Goldstein, St. Louis, for respondent.

CLIFFORD H. AHRENS, Judge.

The State of Missouri ("State") appeals an order of the Circuit Court of St. Louis City suppressing evidence in a case against Charles Lewis ("Defendant"). The State claims the trial court's order was erroneous because the evidence was seized during a lawful consensual search of defendant's residence. We reverse and remand.

On March 9, 1999, a St. Louis City police officer received a tip from a reliable confidential informant that drugs were being stored at defendant's residence and would soon be moved elsewhere. The informant also told the officer that a female and her daughter would be present at the residence that evening.

Later that evening, several police officers proceeded to defendant's residence and knocked on the front door. A woman opened the door and identified herself as defendant's wife ("wife"). She explained she lived there with defendant and her daughter. One of the officers told wife they wished to search the house for drugs and requested her consent to do so. Wife consented and signed a written consent form.

The police asked wife whether any drugs were in the house; she replied she believed drugs were present upstairs in a shoebox in her room. She escorted the police to an upstairs bedroom containing a double bed and men and women's clothing, shoes and colognes. Upon entering the room, she pointed to a shoe box near the right side of the bed and stated she believed the "dope" was in the box. An officer retrieved the box and promptly opened it. Ten large chunks of crack cocaine base, five bags of marijuana, an electric scale, and personal papers with defendant's name written on them were found inside the box. The officers continued to search the house but did not find any weapons or other drugs. Wife was not arrested but was taken to the police station for further questioning.

After a probable cause hearing, defendant was charged by information with one count of trafficking drugs in the second degree, section 195.223 RSMo (Supp.1999), and one count of possession or control of a

controlled substance, section 195.202 RSMo (1994). Defendant filed a motion to suppress the evidence found during the March 9, 1999 search of the house. The trial court granted the motion, finding that although wife had authority to consent to the search of their house, the State adduced no evidence that she had any interest in, use of, or common authority over the shoebox and its contents. Pursuant to section 547.200.1(3) RSMo (Supp.1999), the State appeals the granting of the motion. The only issue in question is whether it was proper for the police to search the shoebox without a warrant.

In its sole point on appeal, the State argues the trial court erred in granting defendant's motion to suppress because wife voluntarily consented to the search of the premises and she had sufficient interest, access, and control over the premises and its effects to grant consent. The State claims that because the parties were married and the shoebox was found in their shared bedroom, the idea of the shoebox being the husband's personal and private domain was incomprehensible.

 At a hearing on a motion to suppress, the State bears both the burden of producing and presenting evidence, and the risk of non-pursuation to show by a preponderance of the evidence that the motion should be overruled. *State v. Franklin,* 841 S.W.2d 639, 644 (Mo.1992). Review of a trial court's ruling on a motion to suppress is limited to determining whether the evidence is sufficient to support the trial court's ruling. *State v. Kampschroeder,* 985 S.W.2d 396, 398 (Mo. App.1999). We view the facts and any reasonable inferences therefrom in a light most favorable to the ruling of the trial court and disregard any contrary inferences. *Id.* If the trial court's ruling is plausible in light of the record viewed in its entirety, this court may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. *Id.* However, when there is no factual dispute,

determination of the reasonableness of a search under the Fourth Amendment is a question of law. *State v. Rodriguez,* 904 S.W.2d 531, 534 (Mo.App.1995).

 As a general rule, searches conducted without a search warrant are unreasonable and violate a defendant's Fourth Amendment rights. *State v. Jones,* 959 S.W.2d 829, 834 (Mo.App.1997). However, a search conducted pursuant to a valid consent is constitutionally permitted. *Id.* The law is well settled that the consent to search of one person who possesses "common authority" over the premises is valid as against the absent, nonconsenting person with whom authority is shared. *State v. Smith,* 850 S.W.2d 934, 941 (Mo.App.1993). A consent to search must be voluntary and not induced by fraud or coercion. *Jones,* 959 S.W.2d at 834.

 *Illinois v. Rodriguez,* 497 U.S. 177, 110 S.Ct. 2793, 111 L.Ed.2d 148 (1990) sets forth the standard in determining the validity of a consensual search. Law enforcement officers may carry out a valid warrantless search based on consent if the officers reasonably believed the person giving consent had authority to do so, regardless of whether the officer's belief is later proved to be erroneous. *State v. Moore,* 972 S.W.2d 658, 660 (Mo.App.1998), *See Rodriguez,* 497 U.S. at 185–86, 110 S.Ct. at 2800, 111 L.Ed.2d at 148. "[D]etermination of consent to enter must 'be judged against an objective standard: would the facts available to the officer at the moment…"warrant a [person] of reasonable caution in the belief'' that the consenting party had authority over the premises?" *Rodriguez,* 497 U.S. at 188–89, 110 S.Ct. at 2801, 111 L.Ed.2d at 161.

The trial court relies heavily upon *State v. Pinegar,* 583 S.W.2d 217 (Mo.App.1979), where the court found that the defendant, who lived in a bedroom in his mother and stepfather's house, had a reasonable expectation of privacy in an unlocked footlocker located in his room. *Id.* at 220.

Consequently, his mother and stepfather had no authority to consent to a search of the footlocker. *Id.* However, *Pinegar* predates *Rodriguez*'s modification of the standard in determining the validity of consent searches. Missouri cases subsequent to *Rodriguez* have applied the "reasonableness" test in determining the validity of consent searches. *State v. Smith,* 966 S.W.2d 1 (Mo.App.1997) (Reasonable to search house upon girlfriend's consent and assertions that she lived at the address with defendant and had bought house with money from parents; however, not reasonable to pry open defendant's locked safe located within the house). *State v. Moore,* 972 S.W.2d 658 (Mo.App. 1998) (Reasonable to search "drug" house based upon consent of an individual whom officers had run into "quite often" at the house and was only person at house who responded to their knock).

Viewing the details in a light most favorable to the defendant, we cannot say the officers conducting the search acted unreasonably in believing wife had authority to consent to a search of the shoebox. When the police inquired about the presence of drugs, wife stated the drugs were upstairs in a shoebox in her room by the bed. She led the police into a room containing a double bed and filled with men and women's clothing and shoes. The shoebox was located in this bedroom which appeared to be shared by her and her husband. The shoebox was sitting at the side of the bed in open view, and wife knew exactly the contents of the shoebox. She pointed at the shoebox and stated she believed the "dope" was in the shoebox. The police's belief that wife had authority to consent to the search of the shoebox was reasonable.

Defendant argues the State never presented evidence that wife used the shoebox for her own purposes or that she had prior access or control over the shoebox. Moreover, defendant claims the police knew the drugs were not the wife's property as she was never arrested. However, the State is not required to present evidence that the paraphernalia was the property of wife. The issue is not whether the drugs were hers or her husband's; the issue is whether the police's belief that she had authority to consent to a search of the shoebox was reasonable.

It was reasonable for the police to search the shoebox based upon the consent of wife, the ostensible occupier of the bedroom in which the shoebox was located. Consequently, the State met their burdens, and the drugs, personal papers, and scale found in the shoebox should not have been suppressed. The case is reversed and remanded for further proceedings consistent with this opinion.

RICHARD B. TEITELMAN, P.J., concurs.

LAWRENCE E. MOONEY, J., concurs.