**STATE of Missouri, Appellant,**

v.

**Benjamin HAMILTON, Respondent.**

No. 28218.

Missouri Court of Appeals,
Southern District,
Division One.

June 14, 2007.

Anissa Whittle–Moore, Springfield, for appellant.

Darrell L. Moore and Bryan R. Berry, Springfield, for respondent.

DANIEL E. SCOTT, Judge.

Defendant is charged with two felonies relating to a handgun found during a search of his car after a traffic stop. He moved to suppress the gun. The trial court did so. The State appeals under

RSMo § 547.200.1 and Rule 30.02.[1] We affirm.

### Standard of Review

■ At a suppression hearing, the State bears both the burden of producing evidence and the risk of nonpersuasion to show by a preponderance of the evidence that the motion should be overruled. The trial court can believe or disbelieve any or all of the State's evidence, even if uncontradicted, and may find the State failed to meet its burden of proof. *State v. Abeln*, 136 S.W.3d 803, 807–08 (Mo.App.2004). We review under an abuse of discretion/clearly erroneous standard that defers to the trial court's better position to assess witness credibility. *State v. Milliorn*, 794 S.W.2d 181, 183–84 (Mo. banc 1990). We view the record and all reasonable inferences favorably to the trial court's ruling and disregard contrary evidence and inferences. *Abeln*, 136 S.W.3d at 808. If the trial court's decision is plausible based on the entire record, we will not reverse even if we might have weighed the evidence differently. *Milliorn*, 794 S.W.2d at 184; *Abeln*, 136 S.W.3d at 808. In cases like this where findings of fact were not made or requested, we presume the trial court found the facts in accordance with its ruling and we will affirm on any reasonable basis supported by the record. *Abeln*, 136 S.W.3d at 808.

### The State's Evidence

The State's only witness was the officer who stopped defendant's car. He testified defendant was following another car too closely, and after he pulled defendant over, he approached the car and smelled marijuana. The officer said defendant's eyes were bloodshot and glassy, his speech was slow and slurred, he "appeared to be high on marijuana," and the officer considered him "intoxicated" and "impaired." The officer thus ordered defendant out of the car to investigate for drugs and evaluate defendant for drug-based DWI. As defendant got out, the officer saw three "weapons"— a crowbar, hammer, and small baseball bat—near the driver's seat. The officer said this raised a safety concern that caused him to *Terry*[2] sweep the front seat area. The officer thus described a minor traffic stop that escalated into a DWI investigation, then further into a weapons search. He found ammunition under the front seat and a handgun hidden in a sock and shoe in the back seat. The gun was not registered to defendant, who claimed he found it in a ditch, and at that time was not reported stolen. The officer allowed defendant to drive away with no traffic ticket.[3] Almost four months later, after the gun was reported stolen, the State filed the current felony charges.

### Cross-examination

The officer said he noticed defendant following too closely as defendant and the officer passed each other in opposite directions on a two-lane highway. The officer could not say how close defendant was, and refused to give an estimate when defense counsel pressed for one. He said he did not know and would just be guessing.

The officer only saw the "weapons" when he ordered defendant out of the car

1. Unless otherwise indicated, statutory references are to Missouri Revised Statutes (2000) and rule references are to Missouri Rules of Court (2006).

2. *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).

3. Defendant was ticketed for a marijuana pipe he voluntarily surrendered out of his car's hatchback while the officer was searching the car's interior.

for a drug/DWI investigation based on the officer smelling marijuana and defendant's "intoxicated," "impaired," and "high on marijuana" appearance. But the officer— a drug task force detective and undercover drug investigator—admitted he never mentioned marijuana, or that he smelled it, in any of his five written reports. Nor did his five reports mention or suggest anything about DWI, or that defendant appeared "intoxicated" or "impaired" or had glassy eyes, bloodshot eyes, or slurred speech. The officer also admitted he did no DWI field tests—one-leg stand, walk and turn, horizontal gaze nystagmus, or any other—and he let defendant drive away after the car search. The officer did not ticket defendant for DWI, following too closely, any other driving offense, or the "weapons" in defendant's car. The officer acknowledged his search was without consent; he requested consent to search and defendant refused.

The court granted the motion by docket entry simply stating the court "has reviewed the file, evidence, and notes concerning the motion to suppress hearing [and][b]ased on the facts and current case law the court finds that the officer did not have probable cause to conduct the search." Although this brief ruling does not indicate the specific basis for suppression, we will affirm if the record supports the ruling on any legal basis. *See, e.g., State v. Kriley,* 976 S.W.2d 16, 21 (Mo.App.1998)(basis for trial court's ruling

was confusing, but seizure clearly failed the court's "smell test").

### Discussion and Analysis

■ The State claims the trial court applied the wrong legal standard—that a *Terry* sweep requires only reasonable suspicion, not probable cause, and the bat and other "weapons" met that standard under *Michigan v. Long.*[4] Despite the State's argument, we think the record and standard of review require us to affirm the trial court's ruling.

Appellate courts reasonably may infer credibility decisions from the record although a trial court has not expressed them. *See, e.g., Milliorn,* 794 S.W.2d at 184 (majority) and 188–89 (Higgins, J., *concurring* ); *Engelage v. Director of Revenue,* 197 S.W.3d 197, 202–04 (Mo.App. 2006); *State v. Wilson,* 169 S.W.3d 870, 876 (Mo.App.2005); *Abeln,* 136 S.W.3d at 808–10; *State v. McFall,* 991 S.W.2d 671, 674–75 (Mo.App.1999). *See also Howdeshell v. Director of Revenue,* 184 S.W.3d 193, 199 (Mo.App.2006) (a legitimate factual dispute or credibility determination is presented by cross-examination of a witness that raises a legitimate credibility dilemma with respect to a material aspect of the case).[5]

■ Here, the officer testified he smelled marijuana in defendant's car when he stopped it for a traffic violation. It is well known that an officer who legitimately stops a vehicle and smells marijuana has

---

**4.** 463 U.S. 1032, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983).

**5.** The risk of our guessing wrong is fairly limited. If an appellate court has misread the trial court's rationale, the trial court can rectify matters since suppression rulings are interlocutory and " '[t]hus, a trial court can receive additional evidence and change its ruling prior to admitting the objected-to items in evidence before a jury.' " *Milliorn,* 794 S.W.2d at 187 n. 4, *quoting State v. Howell,*

524 S.W.2d 11, 19 (Mo. banc 1975). *See also McFall,* 991 S.W.2d at 675 n. 5 ("This court merely accepts the facts in the light most favorable to the order sustaining the motion to suppress. However, if the facts recited, based upon the standard of review, do not accurately reflect the trial court's holding, the trial court can rectify this because the trial court's ruling on the motion to suppress evidence is interlocutory [*citing Milliorn* ].")

probable cause to search the vehicle. *See, e.g., State v. Fuente,* 871 S.W.2d 438, 441 (Mo. banc 1994); *State v. McNaughton,* 924 S.W.2d 517, 524 (Mo.App.1996), *overruled on other grounds, State v. Pond,* 131 S.W.3d 792, 794 (Mo. banc 2004). If believed, the traffic stop/marijuana odor testimony would establish probable cause—not merely reasonable suspicion—with no further analysis needed. Instead, the trial court's rejection of probable cause suggests it was not convinced about the traffic stop or the marijuana odor or both. Review of the officer's cross-examination strengthens this conclusion. The officer's testimony that he smelled marijuana was the impetus for his later actions. Yet he never mentioned marijuana in any of his five written reports, although he is a drug task force detective and undercover drug investigator.

The officer's credibility also was undercut in other key respects. He justified his actions on DWI grounds because he said defendant's eyes were bloodshot and glassy, his speech was slow and slurred, and he appeared intoxicated, impaired, and "high on marijuana." Apparently none of his reports mentioned any of those things. The officer did no field sobriety tests, issued no traffic tickets, and let defendant drive away when the stop was over.

The State's *Terry/Long*/reasonable suspicion argument, based on the officer's safety concerns upon seeing the bat and other "weapons," is undermined by the same admissions. The officer saw the "weapons" only because he made defendant exit the car. The officer made defendant exit the car because the officer claimed (1) he smelled marijuana, and (2) defendant looked marijuana-intoxicated, so (3) the officer wanted to do a drug/DWI investigation. These observations and decisions were made only after and because the officer stopped defendant for following

too closely. The record shows the State's reasonable suspicion claim depends as well on the officer's credibility about defendant's driving, smelling marijuana, and defendant appearing intoxicated. Thus, the apparent failure to convince the trial court with respect to those also dooms the State's reasonable suspicion argument.

Given our standard of review and the officer's cross-examination, we cannot find the trial court abused its discretion or clearly erred in suppressing the evidence. We affirm.

PARRISH, J., and RAHMEYER, P.J., concur.