**STATE of Missouri, Appellant,**

v.

**Mitchell P. GAMBOW, Respondent.**

**No. SD 30076.**

Missouri Court of Appeals,
Southern District,
Division Two.

March 10, 2010.

Brian Keedy, Prosecuting Atty., Richelle Christensen, Asst. Prosecuting Atty., Camdenton, for Appellant.

No appearance for Respondent.

DANIEL E. SCOTT, Chief Judge.

The State appeals an order suppressing evidence.[1] The relevant facts are not in dispute.

### Facts

Defendant was a front-seat passenger in a car stopped for speeding. A deputy approached the vehicle, smelled marijuana, asked the driver to step out, and got her permission to search the car. The deputy then asked Defendant to get out and conducted a *Terry*[2] pat-down for officer safety. The deputy felt no weapon, just a hard object in Defendant's pocket. The deputy did not think it was a gun or knife, but did not know what it was.[3] He ordered Defen-

---

1. RSMo § 547.200.1(3) authorizes such appeals. Respondent (hereafter "Defendant") has not filed a brief on appeal.

2. *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).

3. The latter testimony ruled out the "plain feel" doctrine. *See State v. Kelley,* 227

dant to empty his pockets. Defendant did so. The hard object was a small container. The deputy saw it, thought it might contain narcotics, opened it without asking permission, and discovered two Xanax pills. After the car search turned up nothing, the deputy asked Defendant if he had anything else illegal. Defendant reached inside his shirt and handed over a bag of marijuana.

## Ruling

The trial court found probable cause for the traffic stop, consent for the vehicle search, and that a *Terry* pat-down for officer safety was justified under the circumstances.

> However, after the officer determined that the Defendant was not armed the reason for the Terry search ended. Therefore, the directive for the Defendant to empty his pockets and the seizure of the metal container and search of it without a warrant or consent constituted an unreasonable search and is, therefore, suppressed. *State v. Kelley*, 227 S.W.3d 543 (Mo.App. S.D.2007). See also *State v. Courtney*, 102 S.W.3d 81 (Mo.App. W.D.2003).

The court also suppressed the marijuana and Defendant's related admissions because they "flowed from the unreasonable search of the Defendant's pockets and the metal container."

## Claim of Error/Analysis

■ The State urges an analysis not under *Terry*, but "as a search based upon probable cause." It makes a three-step argument for reversal. *First*, it correctly finds probable cause to search the car based on marijuana odor. *See State v. Hamilton*, 227 S.W.3d 514, 516–17 (Mo.

S.W.3d 543, 548–49 (Mo.App.2007), which was cited (but misspelled) in the trial court's

App.2007). *Second*, it cites *Wyoming v. Houghton*, 526 U.S. 295, 307, 119 S.Ct. 1297, 143 L.Ed.2d 408 (1999) for its statement that "police officers with probable cause to search a car may inspect passengers' belongings found in the car that are capable of concealing the object of the search." *Third*, it argues from these propositions that "the police, with probable cause to search a vehicle, also have the right to search the persons in the automobiles."

■ The last step is where the State's argument breaks down. *Houghton* "may justify a search of the car's interior and the personal possessions of its occupants found therein, . . . [but] it will not alone justify the warrantless search of the vehicle's occupants themselves." *United States v. Williams*, 650 F.Supp.2d 633, 673 (W.D.Ky.2009). *See also Houghton*, 526 U.S. at 303 n. 1, 119 S.Ct. 1297 (citing *United States v. Di Re*, 332 U.S. 581, 68 S.Ct. 222, 92 L.Ed. 210 (1948)). Other cases are in accord, but for brevity's sake we will quote only two:

> If probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search. *United States v. Ross*, 456 U.S. 798, 825, 102 S.Ct. 2157, 2173, 72 L.Ed.2d 572, 594 (1982). However, occupants of a car continue to have a heightened expectation of privacy, which protects against personal searches without a warrant. *See Wyoming v. Houghton*, 526 U.S. 295, 303, 119 S.Ct. 1297, 1302, 143 L.Ed.2d 408, 416 (1999). . . . Thus, personal searches of vehicle occupants are not authorized under the automobile exception as a result of the occu-

ruling.

pant's mere presence within a vehicle, which there is probable cause to search. *United States v. Di Re,* 332 U.S. 581, 586–87, 68 S.Ct. 222, 224–25, 92 L.Ed. 210, 216 (1948).

*State v. Gibson,* 141 Idaho 277, 108 P.3d 424, 429 (2005).

[P]robable cause to search a vehicle generally authorizes the officer to search "passengers' belongings found in the car that are capable of concealing the object of the search." *Wyoming v. Houghton,* 526 U.S. 295, 307, 119 S.Ct. 1297, [1304,] 143 L.Ed.2d 408 (1999). We know of no broad application of the vehicle search exception to the warrant requirement, however, that underwrites the search of a *person* who occupied the vehicle.... *See United States v. Di Re,* 332 U.S. 581, 68 S.Ct. 222, 92 L.Ed. 210 (1948).

*State v. Harris,* 280 S.W.3d 832, 843 (Tenn. Crim.App.2008).[4]

### Conclusion

The State cites no contrary authority and asserts no other basis to reverse the suppression order. Accordingly, the State's point is denied and the order is affirmed.

LYNCH, P.J., and RAHMEYER, J., concur.

---

4. We have cited non-Missouri decisions in the absence of a case from our courts, recognizing that search and seizure law has been federalized since *Mapp v. Ohio,* 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961).