In the Missouri Court of Appeals
 Eastern District
 DIVISION FOUR

STATE OF MISSOURI, ) No. ED108605
 )
 Appellant, ) Appeal from the Circuit Court
 ) of Jefferson County
vs. )
 ) Honorable Edward L. Page
SCOTT ALLEN UTECH, )
 )
 Respondent. ) FILED: January 19, 2021

 In this driving while intoxicated case, the State appeals the trial court’s order granting Scott

Utech’s motion to suppress. In his motion, Utech sought the suppression of evidence on the basis

that the traffic stop was improper. Because uncontested evidence established reasonable suspicion

to justify the traffic stop, we reverse and remand for further proceedings.

 Factual and Procedural Background

 After the State charged Utech with the class B misdemeanor of driving while intoxicated,

he filed a motion to suppress, contending the traffic stop was improper and seeking the exclusion

of the results of his field sobriety test and evidence that he refused to take a breathalyzer test. At

the suppression hearing, the trial court heard from one witness, Master Sergeant Joseph Oughton

of the Missouri State Highway Patrol, who was the arresting officer. Sergeant Oughton testified

that on October 11, 2018 he was patrolling southbound Highway 21, a divided four-lane highway

in a rural area, when he observed Utech’s vehicle “following [him] too closely” at an approximate
distance of two car lengths behind his vehicle. He stated that he then noticed the vehicle “backed

off further and further and further to gain distance from [his] patrol car, about a quarter-mile back.”

Sergeant Oughton explained that because he thought the driver’s actions were “very suspicious,”

he pulled his vehicle over to the shoulder and allowed Utech’s vehicle to pass. Sergeant Oughton

stated he then followed Utech’s vehicle four or five miles and watched as Utech took an exit at a

point where the highway ended, turned left onto Route B and then pulled into a gas station parking

lot. Sergeant Oughton testified that while he was following Utech, he conducted a “computer

check,” which indicated Utech’s license plates were expired and that the “colored tab that was on

the actual plate did not match the record.” Sergeant Oughton related that he stopped his vehicle

and watched as Utech’s vehicle “continued out of the parking lot” without anyone “stopping for

gas or drinks or a restroom break” and then reentered Highway 21, headed northbound, which was

the opposite direction his vehicle had previously been traveling. Sergeant Oughton testified he

followed Utech and then initiated a traffic stop based on Utech’s “following too close,” to

investigate the “discrepancy with the registration on the license plate,” and because of Utech’s

attempt to “evade” him.

 During cross-examination, Sergeant Oughton acknowledged that after he stopped Utech,

his investigation ultimately revealed that Utech’s license plates were not expired. He testified that

he had noticed the license plates “contained a 2020 sticker” before he pulled over Utech’s vehicle

and stated that “[a]t face value, without a computer check, [he] would have suspected that it was a

valid registration.” Sergeant Oughton explained, however, that “in [his] experience, many times

people would switch or manufacture their own stickers.” He also agreed a reasonable explanation

for the discrepancy was that “maybe the computer just wasn’t updated” since the stop occurred

only 11 days after the expiration date indicated by the computer check.

 2
 After the hearing, the trial court allowed the parties the opportunity to submit memoranda

in support of their positions. Utech’s memorandum in support of his motion to suppress made

various legal arguments as to why Sergeant Oughton’s observations did not amount to reasonable

suspicion, but did not challenge the credibility of his testimony. The trial court granted the motion

to suppress without making any findings of fact or conclusions of law. This appeal follows.

 Standard of Review

 “We review a trial court’s decision to grant or deny a motion to suppress to determine if

there was substantial evidence to support the decision, and will only reverse if the trial court’s

ruling was clearly erroneous.” State v. Lewis, 431 S.W.3d 7, 13 (Mo. App. E.D. 2014). “If the

trial court’s ruling is plausible, in light of the record viewed in its entirety, we will not reverse.”

State v. Selvy, 462 S.W.3d 756, 764 (Mo. App. E.D. 2015). “We view the evidence and all

reasonable inferences from the evidence in the light most favorable to the trial court’s ruling, and

we defer to the trial court’s credibility determinations and factual findings.” State v. Galen, 554

S.W.3d 550, 553 (Mo. App. E.D. 2018). But “we review the question of whether conduct violates

the Fourth Amendment de novo.” Id.

 Discussion

 The State alleges the trial court erred in granting the motion to suppress because “[t]he

traffic stop was lawful.” According to the State, “the totality of the circumstances is easily

satisfied” because Sergeant Oughton “saw the traffic violation of following too closely, a

discrepancy between the license plate and the tag on it, and unusual driving behavior.” Utech, on

the other hand, argues we should affirm on the basis that the trial court did not find Sergeant

Oughton’s testimony to be credible.

 3
 Where, as here, the trial court did not make findings of fact and conclusions of law, we

presume the trial court made findings “in accordance with the decree entered” and will affirm

“under any reasonable theory supported by the evidence.” State v. Kampschroeder, 985 S.W.2d

396, 398 (Mo. App. E.D. 1999). Accordingly, “we must view the evidence submitted to determine

whether it would support any set of factual findings under which the trial court could have found

that the State failed to meet its burden of proving that the stop was proper.” State v. Abeln, 136

S.W.3d 803, 808 (Mo. App. W.D. 2004).

 “In ruling on a motion to suppress, the trial court may believe or disbelieve all or any part

of the testimony presented by the State, even if uncontradicted, and the court may find that the

State failed to meet its burden of proof.” Selvy, 462 S.W.3d at 764. But it is important to recognize

the distinction between uncontradicted evidence and uncontested evidence. “To contest evidence,

a party need not present contradictory or contrary evidence. While a party can contest evidence

by putting forth evidence to the contrary, a party also can contest evidence by cross-examination

or by pointing out internal inconsistencies in the evidence.” White v. Dir. of Revenue, 321 S.W.3d

298, 308 (Mo. banc 2010) (internal citations omitted). “[W]here the facts are contested, deference

is given to the trial court’s assessment of the evidence and credibility of the witnesses.” Velluto

v. Dir. of Revenue, 383 S.W.3d 14, 17 (Mo. App. E.D. 2012). In other words, once evidence is

contested, “‘a trial court is free to disbelieve any, all or none of the evidence,’ and the appellate

court ‘is not to re-evaluate testimony through its own perspective.’” State v. Avent, 432 S.W.3d

249, 253 (Mo. App. W.D. 2014) (quoting Pearson v. Koster, 367 S.W.3d 36, 44 (Mo. banc 2012)).

 But “[i]f the evidence is uncontested or admitted so that the real issue is a legal one, then

there is no need to defer to the trial court’s [ruling].” Velluto, 383 S.W.3d at 17; see also Avent,

432 S.W.3d at 261 (Pfeiffer, J., dissenting). Evidence is “uncontested when a party has admitted

 4
in its pleadings, by counsel, or through the party’s individual testimony the basic facts of [the]

other party’s case. In such cases, the issue is legal, and there is no finding of fact to which to

defer.” White, 321 S.W.3d at 307 (internal citations and quotation marks omitted). “[A] legitimate

factual dispute or credibility determination is presented by cross-examination of a witness that

raises a legitimate credibility dilemma with respect to a material aspect of the case.” State v.

Hamilton, 227 S.W.3d 514, 516 (Mo. App. S.D. 2007) (citing Howdeshell v. Dir. of Revenue, 184

S.W.3d 193, 199 (Mo. App. S.D. 2006)).

 Our review of the cases on this subject reveals that courts will affirm the granting of a

motion to suppress based on deference to the trial court’s credibility determinations when the facts

are contested through cross-examination that challenges the credibility of the witness or otherwise

seeks to undermine the witness’s factual representations on a material issue.

 For example, in Avent, the court affirmed the trial court’s order granting the defendant’s

motion to suppress in a driving while intoxicated case, noting that the factual issues “were clearly

contested” and that the question presented to the trial court was not “merely an issue of law.” 432

S.W.3d at 253. The court emphasized that the defendant cross-examined the arresting officer,

“challenging his testimony by inferring bias and partiality, pointing out [his] selective omission of

observations favorable to [the defendant], and . . . questioning the evidentiary weight of his

observations and the reasonableness of inferences drawn therefrom.” Id. The court also stressed

that the defendant’s cross-examination elicited an admission from the officer that his observations

were not indicative of how much alcohol the defendant had consumed and “an abundance of

testimony from [the officer] indicative of [the defendant] not being intoxicated.” Id.

 Similarly, in State v. Emmett, 346 S.W.3d 418, 420 (Mo. App. S.D. 2011), the court

rejected the State’s assertion that the facts relating to the defendant’s motion to suppress were not

 5
in dispute, noting that the defendant cross-examined the State’s witnesses, “challenging their

testimony.” The court emphasized that the cross-examination (1) drew repeated responses of “I

don’t remember,” (2) elicited an admission that a witness “just assumed” the defendant was acting

with another in committing a theft, and (3) “pointed out inconsistencies between a witness’s

testimony and his prior written report.” Id.

 Credibility was also an issue in Abeln, where the court rejected the State’s argument that

the defendant had stipulated to the facts relating to his motion to suppress, concluding “the parties

merely stipulated that [the trooper] would offer certain testimony if he were called to testify at a

hearing on the motion.” 136 S.W.3d at 814. In reviewing that stipulation, the court concluded it

was not “unreasonable for the trial court to be skeptical about the witness’ credibility” in light of

the assertions the trooper made about his observations of the defendant, noting that a factfinder

could conclude some of those observations were “impossible.” Id. at 808; see also Hamilton, 227

S.W.3d at 517 (affirming the trial court’s suppression of evidence when the testifying officer’s

credibility was “undercut” through cross-examination).

 Here, although Utech’s counsel questioned Sergeant Oughton, that cross-examination did

not raise “a legitimate credibility dilemma” or “a legitimate factual dispute” as to whether the

computer check indicated that Utech’s license plates were expired. Hamilton, 227 S.W.3d at 516.

Indeed, the cross-examination assumed the truth of Sergeant Oughton’s testimony as to what the

computer check indicated:

 [Utech’s counsel]: So wouldn’t it be reasonable that maybe the person got the
 sticker, that’s why there’s a 2020 sticker on the things, and perhaps maybe the
 computer just wasn’t updated?

 [Sergeant Oughton]: That’s one possible explanation, yes.

 6
In other words, in questioning Sergeant Oughton on this issue, Utech’s counsel focused on

challenging the reasonableness of his decision to stop the vehicle in light of the fact that he had

observed the current 2020 stickers on the license plates before he stopped the vehicle. But the

question of “[w]hether the facts amount to reasonable suspicion is a question of law that we review

de novo.” State v. Bergmann, 113 S.W.3d 284, 286 (Mo. App. E.D. 2003).

 The uncontested nature of this evidence is confirmed by Utech’s memorandum in support

of his motion to suppress, which Utech filed after the hearing. In that memorandum, Utech did

not challenge Sergeant Oughton’s credibility and instead framed the issue as purely a legal one:

“The question presented to the Court in this case is whether the State has met its burden that

[Sergeant] Oughton’s reasons for stopping [Utech] equate to reasonable suspicion.” Now, for the

first time, Utech claims the credibility of Sergeant Oughton was at issue and argues we must affirm

the trial court’s ruling because “the trial court gave no credibility to any of [Sergeant] Oughton’s

testimony.” But it is clear Sergeant’s Oughton’s testimony as to what the computer check indicated

was not contested; only the legal effect of that evidence was in dispute, which, again, is “a question

of law that we review de novo.” Id.

 Applying that standard, we now turn to the issue of whether uncontested facts established

reasonable suspicion to justify the traffic stop. “The Fourth and Fourteenth Amendments to the

United States Constitution and article I, section 15 of the Missouri Constitution, protect individuals

from warrantless searches or seizures, except where a law enforcement officer has ‘reasonable

suspicion’ of criminal activity ‘based on specific and articulable facts.’” Galen, 554 S.W.3d at

553 (quoting State v. Schroeder, 330 S.W.3d 468, 472 (Mo. banc 2011)). “Reasonable suspicion

may be established with information that is different in amount or content, or that is less reliable,

than the evidence required to establish probable cause.” State v. Pike, 162 S.W.3d 464, 473 (Mo.

 7
banc 2005). “The quantity and quality of the information must be considered in the ‘totality of the

circumstances’ to determine whether reasonable suspicion exists.” Id. “Reasonable suspicion

requires less certainty than that required for probable cause, and officers are ‘permitted to make

use of all of the information available to them, and they may make inferences from that information

that would not be made by members of the public, who lack access to the officer’s knowledge,

information, and training.’” State v. Loyd, 338 S.W.3d 863, 867 (Mo. App. W.D. 2011) (quoting

State v. Johnson, 316 S.W.3d 390, 396 (Mo. App. W.D. 2010)).

 The reasonable suspicion standard applies to traffic stops. Pike, 162 S.W.3d at 473.

“Reasonable suspicion—and therefore a traffic stop—may be based on the officer’s observation

of a traffic violation.” Id. And even a minor traffic violation gives an officer probable cause to

stop a vehicle. State v. Alford, 603 S.W.3d 725, 730 (Mo. App. W.D. 2020). An officer who

observes a vehicle with an expired license plate sticker has authority to stop the vehicle for the

purpose of issuing a traffic summons. State v. Preston, 861 S.W.2d 627, 630 (Mo. App. E.D.

1993).

 Here, Sergeant Oughton testified the computer check indicated that Utech’s license plates

were expired. Although he saw that Utech’s license plates “contained a 2020 sticker,” he explained

that “in [his] experience, many times people would switch or manufacture their own stickers.” The

uncontested evidence on the license plate issue justified the traffic stop because the information

from the computer check gave rise to reasonable suspicion that Utech had committed a traffic

violation by having expired license plates. See id. Although it turned out that Utech’s license

plates were not actually expired, the information from the computer check still created reasonable

suspicion to justify the stop of Utech’s vehicle. See State v. Long, 303 S.W.3d 198, 202 (Mo. App.

W.D. 2010) (“The law justifies stopping possibly an innocent person, because the stop is a minimal

 8
intrusion, which allows the officers to briefly investigate further.”). Because uncontested evidence

established reasonable suspicion as a matter of law, the trial court should have denied the motion

to suppress.

 Conclusion

 For the foregoing reasons, we reverse and remand for further proceedings consistent with

this opinion.

 _______________________________
 MICHAEL E. GARDNER, Judge

Gary M. Gaertner, Jr., P.J., concurs.
Philip M. Hess, J., concurs.

 9